M. C. FELMET v. SOUTHERN EXPRESS COMPANY.

(Decided December 20, 1898 )

1. Unless the statement of the case on appeal contains the evidence upon which special instructions are asked, the refusal by the trial Judge to give them cannot be considered by this Court.

2. The appellant must show that there has been error, or the judgment must be affirmed.

ACTION on a money demand, commenced in the court of a Justice of the Peace, and appealed by defendant to the Superior Court of HAYWOOD County and tried before *Greene, J.*, at Fall Term, 1898.

The plaintiff complained orally that the defendant as a common carrier during the year 1896 had undertaken to transport for plaintiff 98 pounds of Ginseng from Marshall, N. C., to a consignee in New York City and that while in transit 6 10–16 pounds were lost through negligence of defendant to the damage of the plaintiff $22.52 for which judgment was asked. The defendant denied the allegation of plaintiff and liability for shortage. The receipt of defendant for the package contain-

ed the contract of shipment between the parties, and in it were conditions which limited the liability of defendant for loss or damage to its own line.

The defendant asked the court for the following special instruction :

"If the defendant company delivered the Ginseng in question in good condition to the Adams Express Co., a connecting line at Washington, D. C., it would not be liable for damage or loss of Ginseng after the same was received by the Adams Express Co., unless there was a special contract ; and the burden is on the plaintiff to prove the special contract."

His Honor refused to give the instruction. Defendant excepted.

The statement of the case does not contain any evidence of a delivery to the Adams Express Co.

There was verdict and judgment for plaintiff for $22.52 and defendant appealed.

*Mr. W. T. Crawford,* for defendant (appellant).
No counsel *contra.*

MONTGOMERY, J.: The plaintiff delivered to the defendant, the Southern Express Company, at Marshall, a package of goods to be transported to a consignee in New York City. The receipt for the package contained the contract of shipment between the parties, and in the same there were conditions which limited the liability of the defendant for loss or damage to the property to its own line. The goods were found to be short, in weight, by the consignee and this action was brought to recover damages for the loss.

The defendant requested the court to instruct the jury that if the defendant company delivered the goods to the Adams Express Company at Washington, D. C., for

the purpose of having them forwarded to their destina-
tion, the defendant would not be liable for the loss after
the goods were received by the Adams Express Com-
pany, unless there was a special contract to that effect,
and that the burden of proof was on the plaintiff to
show such contract.    The court refused to give the in-
struction.

The question sought to be presented by the defend-
ant's appeal we cannot consider, for the reason that it
no where appears in the statement of the case that there
was any evidence tending to show that the goods were
delivered by the defendant to the Adams Express Com-
pany, a connecting express line ; nor is such delivery
admitted as a fact in the case.    No part of the evidence
is sent up with the case, and the only admitted facts
were the delivery of the goods at Marshall to the defend-
ant company, the receipt to the plaintiff for the same,
and the shortage in the weight of the goods discovered
by the assignee in New York.

It is always to be desired that appeals should be heard
on their merits, but this cannot be done at the expense
of sacrificing important and necessary rules of practice.
Instructions of law given by the court to the jury must
be founded on some phase of the evidence or on the ad-
mitted facts when there is to be an application of the
law to facts admitted or found by the jury, and unless
there appears in the statement of the case on appeal the
admitted facts or the evidence upon which instructions
were asked, we cannot tell whether the instructions are
merely theoretical propositions of law or not.

From what we have said, the second and third excep-
tions of the defendant need not be considered; for if it
should be conceded that the defendant's views of the
law, as set out in the instructions to which those excep-

tions were made, {be the correct views, they can avail
the defendant nothing.    The rulings of his Honor would
only be a dissertation on the law, and, even if erroneous,
could have no bearing on the case as it is constituted on
the appeal.    The appellant must show to this Court that
there has been error in the court below, or the judgment
of that court must be affirmed ; and if error is shown,
but the error is harmless, the judgment will not be dis-
turbed.

Affirmed.