Parker C. J.
delivered the opinion of the Court. No doubt the complaint is insufficient, as it does not bring the case within the statute ; but the defect is cured by the plea. The plea sets forth the purposes for which the water was raised, bringing the case within the statute. The merits of the question have been tried, and the respondent ought not to be allowed to go back to a fault which he ought to have discovered at the beginning, unless the law clearly requires it.
The authorities are contradictory ; some maintaining that a count defective in substance cannot be cured by pleading over; others the contrary. We are at liberty to follow those which seem to be founded on the better reason. Two of the old cases very decidedly maintain the affirmative ; that in Cro. Car. 288, where a count for slander, defective in substance, was cured by the defendant’s plea, and the case in Siderfin. In this last case the plaintiff counted against the defendant in trespass, alleging that he bad taken his hook. The defendant pleaded, that the plaintiff being about to strike him with the hook, he took it out of his hands in order to deliver it to a constable. It was moved in arrest, for that the plaintiff had not averred that the hook was in his possession. The court said, had the defendant pleaded the general issue, the plaintiff could not have had judgment ; but having shown that he took the hook out of the possession of the plaintiff, he had thereby • *66 cured the defect in the count. These two cases do not apPear to have been overruled, in England ; on the contrary, they are cited in the digests and text-books without disapprobation, down to the recent work on pleading by Stephen.
In New York, however, a contrary doctrine was held, it being laid down in the case in 3 Caines, that a count defective in substance can in no case be cured by the defendant’s plea ,' and the case of Drake v. Corderoy, passed in review before the court. But in a later case, in Johns. R. the case of Drake v. Corderoy is distinctly put to the court, and Spencer J., who delivered the opinion, expressly admitted its authority.
The way then is open to us to adopt the more reasonable doctrine, which we think is, that when the defendant chooses to understand the plaintiff’s count to contain all the facts essential to his liability, and in his plea sets out and answers those which have been omitted in the count, so that the parties go to trial upon a full knowledge of the charge, and the record contains enough to show the court that all the material facts were in issue, the defendant shall not tread back and trip up the heels of the plaintiff on a defect which he would seem thus purposely to have omitted to notice in the outset of the controversy.
One of the counsel for the defendant has attempted to show that the defects in the two cases above cited, which were allowed to be cured by the plea, were in form only ; but in the case of the hook, the court go upon the ground that it was sub-1 stance ; and the case shows that it was. And so was the other case, of Drake v. Corderoy. The counsel have ingeniously attempted to escape from those cases, by showing that the defects were only in particularity of the averment; but the particulars left out were essential to the averment, so that it was substantially defective.[1]

Motion in arrest overruled.

 See Elliot v. Stuart, 15 Maine R. (3 Shepley,) 160; 1 Chitty on PI. (7tk Am. ed.) 710 to 712; Revised Stat. c. 116, § 5.