FURNEY KING v. NORFOLK-SOUTHERN RAILROAD COMPANY.

(Filed 30 October, 1918.)

1. Railroads—Employer and Employee—Federal Employer's Liability Act—Pleadings—Amendments—New Cause of Action—Omissions—Answer—Aider—Trials.

Where the plaintiff, an employee of a railroad company, was injured while at work on a car used in immediate connection with interstate commerce, and has brought his action in time, alleging this fact in general terms, and the defendant has answered, denying negligence, but also alleging with definiteness and particularity that the rights and liabilities of the parties were controlled by the Federal Employer's Liability Act, setting up defenses thereunder, and, accordingly, and without objection, the issues applicable have been submitted to the jury, with supporting evidence: *Held*, the cause coming within the provisions of the Federal act, it was not objectionable, at the close of the evidence, for the trial court to permit the plaintiff to amend his complaint by definitely alleging the statute in question, making definite averment as to the facts which brought his case within its terms and under its control, the amendment being only a formal statement of conditions already created by the parties, and about which there was no dispute; and, further, the answer, filed within the stated period, cured any omission in the complaint, under the doctrine of "aider," by its additional and supplemental averments.

2. Same—Demurrer—Limitation of Actions.

Where an action, brought by an employee against a railroad company, has been tried under evidence and issues within the intent and meaning of the Federal Employer's Liability Act, and the complaint has omitted to set forth facts with sufficient definiteness to bring the cause within its terms, and in reply the answer has sufficiently done so, the action is not demurrable on the ground that the plaintiff was permitted to amend his complaint more than two years after the cause accrued, and therefore barred under the terms of the statute in question, in that it alleged a new cause of action: first, the parties having elected to treat the action as being within the provisions of the statute, a change of front is not permissible; and, second, the omission in the complaint to allege the fact of interstate commerce is aided or cured by the full averments in the answer in that respect.

**3. Railroads—Federal Employer's Liability Act—Damages—Loss of Mental Powers.**

  Where a defendant railroad is liable in damages for an injury negligently inflicted and coming within the provisions of the Federal Employer's Liability Act, the loss of the employee's mental powers is also an element of the damages recoverable, if supported by sufficient evidence.

ACTION tried before *Stacy, J.,* and a jury, at May Term, 1918, of WAKE.

There were facts in evidence on the part of plaintiff tending to show that on 15 May, 1916, while he was engaged as an employee of defendant company in repairing the drawhead of a caboose on defendant's yard in the city of Raleigh, said caboose being customarily used and to be used with trains hauling interstate freight, he received painful and serious injuries by the drawhead falling on him, this by reason of a defective jack screw, which he was using in the work, negligently furnished him by defendant company or its officers, agents, etc.

Defendant answered, denying there was any negligence on its part, and alleging that plaintiff at the time was engaged as an employee of defendant in an act of interstate commerce; that the rights of the parties were governed and controlled by the provisions of the Federal Employers' Liability Act appertaining to these cases, plead contributory negligence and assumption of risk, as allowed by the statute, and offered evidence tending to show that plaintiff was engaged at the time in an act of interstate commerce; that he was not injured by a defective jack screw and was not using any such implement at the time, but because, in the endeavor to raise one end of the drawhead, he allowed same to fall on himself. There was evidence also that plaintiff's injuries were not near so serious as he claimed, and that, as a matter of fact, no substantial injury had been inflicted.

The cause coming on for trial at said May Term, 1918, same commencing 20 May, jury was impaneled and issues framed under the Federal Employers' Liability Act and evidence offered by both parties on the issues. At the close of the testimony plaintiff was allowed by his Honor to amend his complaint and allege in definite terms that plaintiff, at the time he was injured, was employed by defendant in interstate commerce. Defendant excepted.

On issues submitted, the jury rendered the following verdict:

1. Was the plaintiff injured by negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. If so, did the plaintiff by his own negligence contribute to his injuries, as alleged in the answer? Answer: "Yes."

3. At the time of the occurrence in controversy was the defendant a common carrier by railroad engaged in interstate commerce, and was

KING v. R. R.

plaintiff employed by the defendant in such interstate commerce? Answer: "Yes."

4. Did the plaintiff assume the risk of the occurrence of his alleged injuries? Answer: "No."

5. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: "$1,500."

6. Is the plaintiff's cause of action barred by the two years statute of limitations? Answer: "No."

Judgment on the verdict, and plaintiff excepted and appealed.

*Douglass & Douglass for plaintiff.*
*R. N. Simms for defendant.*

HOKE, J. The principal exception urged for error was the refusal of the lower court to grant a motion to nonsuit. On the argument before us, it was conceded that there was evidence of negligent default and consequent injury under the Employers' Liability Act sufficient to carry the case to the jury, and the motion to nonsuit was insisted upon on the ground that in allowing the amendment, which was done on or after 20 May (31 May), a new cause of action was constituted, to wit, a claim under the Employers' Liability Act, and this being more than two years after the occurrence, such action would no longer lie.

It is expressly provided that an action under the statute will not lie after two years (*Belch v. R. R.,* at the present term, and authorities cited), and the question will depend on whether the amendment allowed had the effect of introducing into the record and controversy a separate and distinct cause of action.

On that question, a perusal of the pleadings and facts in evidence will disclose that the injury occurred on 15 May, 1916; that action having been instituted on 16th December following, plaintiff duly filed his verified complaint, giving his version of the facts, the place and time of the occurrence, and, without definite averment, that plaintiff, when injured, was engaged in an act of interstate commerce; that on 27 February, 1917, or near that time, defendant filed his verified answer, denying the negligence and consequent injury, and alleging that the plaintiff at the time was engaged in an act of interstate commerce and the rights and liabilities of parties were controlled by the Federal Employers' Liability Act, etc., setting up further the pleas of contributory negligence and assumption of risk as contemplated and allowed by the statute.

On issues joined, and without objection, these questions were submitted to the jury, the testimony on both sides showing that plaintiff at the time of the injury was engaged in repairing a car customarily used and to be then presently used in trains hauling interstate freight

under the controlling decisions applicable, clearly a case of interstate commerce (*N. C. R. R. v. Zachary,* 232 U. S., 248, and cases cited); and the action having been conducted to that time by both parties as one, under the Employers' Liability Act, at the close of the entire evidence, plaintiff, by leave of the court, was allowed to insert the amendment making definite averment that plaintiff was injured while engaged in interstate commerce. In such case, the State court having concurrent jurisdiction of causes under Federal Employers' Liability Act, the parties having, as stated, joined in submitting the issues appropriate to such an action, and the evidence of both sides showing that the act was applicable, we are of opinion that the omission by plaintiff to make definite averment on this question was cured by the allegations of the answer therein and the treatment of the parties concerning it, and the cause could be properly tried and determined as one under the statute without further allegation by the plaintiff. The amendment offered by him was without material significance on the record, being only a formal statement of conditions which the parties had already created and about which there was no dispute. *R. R. v. Wulf,* 226 U. S., 570; *Voelker v. Chicago,* 116 Fed., 867.

The parties are not only concluded by their treatment of the cause as one under the Employers' Liability Act, covered by the pleadings already filed, but the case, we think, properly calls for the application of the doctrine of "Aider" by the additional and supplemental averments in the adversary pleadings by which a defective statement may be supplied, a doctrine that prevails both in the Code and common-law principles of pleading, is recognized both in Federal and State procedure and in this jurisdiction, and the better considered decisions elsewhere extends to omissions in matters of substance as well as to other defects. *Whitley v. R. R.,* 119 N. C., 724; *Knowles v. R. R.,* 102 N. C., 59; *Garrett v. Trotter,* 65 N. C., 430; Clark's Code (3d Ed.), 232; *U. S. v. Morris,* 23 U. S., 10 Wheat., 246; *Stack v. Lyon,* 26 Mass., 62; *Shively v. Water Co.,* 99 Cal., 259; Bliss on Code Pleading (3d Ed.), sec. 437; Pomeroy's Remedies and Remedial Rights, sec. 579.

In *Renn v. R. R.,* 170 N. C., 129, it was held that under our State procedure an amendment of this kind, in any event, relates back to the institution of the suit. On writ of error, this decision was affirmed by the Supreme Court of the United States (241 U. S., 290); and while that Court held that such an amendment might very well present a Federal question, there is nothing in the case, as we understand it, which, on the facts of the present record, forbids the disposition we make of defendant's appeal. And in *Union Pac. R. R. v. Weyler,* 158 U. S., 285, a case very much relied on by defendant, plaintiff sued in a Missouri court for an injury occurring in the State of Kansas, setting forth a

common-law action for injury by reason of an incompetent fellow-servant knowingly retained by the employer. After the lapse of sufficient time to bar recovery, both under the Missouri and Kansas statutes, plaintiff amended his pleading and declared on a statute of the State of Kansas (required to be pleaded) making employers liable for negligent default of fellow-servants, and it was held·that such an amendment introduced an entirely new cause of action and the statute of limitations was available as a defense.

In delivering the opinion, *Chief Justice White,* then Associate Justice, said, in effect, that such an amendment was not only a change from "fact to fact, but from law to law," and was an entire departure from the cause of action as originally constituted; but in our case there is no necessity to plead the statute—on the facts as shown in evidence by both parties, it prevails as the law of the case (*Voelker v. Chicago R. R., supra*); and plaintiff, as heretofore shown, having alleged the circumstances of the occurrence, omitting definite statement as to whether he was at the time of the injury engaged in an act of interstate commerce, defendant answers, making full statement of that fact, and the parties, acting under such plea, join issue and proceed to try the cause under the statute, and we think the omission in the complaint is thereby cured.

The case of *Fleming v. R. R.,* 160 N. C., 196, is in no way opposed to the position. In that case, the pleadings as interpreted by the court contained definite averment that plaintiff at the time of the injury was an employee on an intrastate train, and this being admitted in the answer it was held that the parties were precluded from showing facts in evidence contrary to their admission, the case bearing little or no resemblance to the facts of the present appeal. And *Kinney v. R. R.,* 166 N. Y. Supp., 868, and *Fort Worth v. Bayard,* Tex. Civ. App., 196 S. W., 597, to which we were also cited, were two causes, the first prosecuted through two trials as an action under the common law and statutes of New York, and the second as an action under a Texas statute, till after two years, when an amendment then made setting forth for the first time a cause of action under Federal Employers', Liability Act, was held to introduce a new cause of action, barred by the lapse of two years, as that statute provides; but we find nothing in either case or record which tended to show a waiver of the position by the parties, or which called for or permitted application of the doctrine of "Aider," which we have held to be the controlling features of the present appeal.

Defendant further excepted to the position of his Honor's charge as to assumption of risk, in terms as follows: "That issue bears upon the defendant's plea of assumption of risk. (Under the Federal Employers' Liability Act, the common-law doctrine that employees assume the risks, dangers and hazards normally incident to the business, still obtains. It

is pleaded by the defendant in this case, and the defendant has the burden of proof on that. The rule is that the employee assumes the risks normally incident to the occupation in which he voluntarily engages; other and extraordinary risks and those due to the employer's negligence he does not assume until made aware of them, or until they become so obvious and immediately dangerous that an ordinarily prudent man would observe and appreciate them. In either or both of which cases he does assume them if he continue in the employment without objection or without obtaining from the employer an assurance that the matter will be remedied"). A definition that accords with the controlling decisions on the subject. *Chesapeake and Ohio R. R. v. De-Atley,* 241 U. S., 311; *Gila Valley R. R. v. Hall,* 232 U. S., 94. Under the principles embodied in that statement, the question was correctly and fairly submitted to the jury, and they have determined the issue against defendant.

Again, it was contended that there was error committed in his Honor's charge on the question of damages in allowing the jury to consider the loss of mental powers when there was no evidence tending to show such loss, but the objection is not open to defendant, for, conceding that his Honor's charge is correctly interpreted in the exception, we find abundant evidence in the record as to the effect of the injury to justify and uphold the position.

In reference to the sixth issue, as to the bar by lapse of two years, having held that plaintiff's cause of action under the statute was covered by the original pleadings, all filed within the time (1) because the parties had elected so to treat it, and in such case a change of front is not permissible either in Federal or State procedure (*Ry. v. McCarthy,* 96 U. S., 258; *Lindsay v. Mitchell, etc.,* 174 N. C., 458; *Brown v. Chemical Co.,* 165 N. C., 421); (2) because the omission in the complaint to allege that plaintiff was engaged in an act of interstate commerce is aided or cured by the full averments of the answer in that respect, his Honor correctly ruled that, on the record and facts in evidence, if believed, the action was not barred by lapse of time.

On careful perusal of the record, we find no error to appellant's prejudice, and the judgment must be affirmed.

No error.