MOSES HILL, BY HIS NEXT FRIEND, W. L. RAY, v. THE DIRECTOR-GENERAL OF RAILROADS AND THE NORTH CAROLINA RAILROAD COMPANY.

(Filed 10 December, 1919.)

**1. Railroads—Lessor and Lessee: Torts of Lessee.**

A lessor railroad company is responsible for the torts committed by the lessee in the operation of the leased road, and in the exercise of its franchise, in the absence of legislation controlling the matter to the contrary.

**2. Removal of Causes—Diversity of Citizenship—Motions—Issues of Fact—Jurisdiction.**

On motion of a nonresident defendant to remove a cause from the State to the Federal Court, under the Federal act, for diversity of citizenship, the plaintiff's cause of action, as a legal proposition, must be considered and dealt with as he has presented it in his complaint, and not otherwise.

**3. Same—Federal Control—Director-General of Railroads—Statutes.**

Where a cause of action for a tort, brought by a citizen of this State, is alleged solely against a domestic corporation, and the Federal Director of Railroads, a nonresident, has been made a party defendant, as having control of the defendant railroad, he may not on that ground sustain a motion to remove the cause for diversity of citizenship, such expressly being prohibited by the Federal statute; nor may he do so upon the ground that he has also control of the nonresident lessee railroad corporation, not a party to the action; especially is this so when the superintendent of the defendant railroad, as representative of the Director-General, has appeared and obtained a stay of the action on the ground that, under and by virtue of his own order such suits, for the present, may be instituted only against him.

HILL *v.* R. R.

4. Removal of Causes—Petition—Controverted Facts—Legal Inferences—Courts—Jurisdiction.

While the allegations in the petition to remove a cause from the State to the Federal Court are a part of the record and considered as true upon the hearing of the motion in the State courts, and all controverted facts are to be determined in the jurisdiction of the Federal Court, this does not apply when the real facts are not controverted, and there is a controversy raised only by an allegation in the petition based upon the petitioners' erroneous legal estimate of facts appearing in other portions of the record.

5. Removal of Causes—Diversity of Citizenship—Federal Control—Director-General of Railroads—Railroads—Lessor and Lessee—Foreign Railroads.—Motions.

Where the complaint of a resident plaintiff states a cause of action arising in tort against a domestic railroad company, the lessor of a foreign railroad corporation, operating the same under the charter, and the Director-General, a nonresident, appears and obtains a stay of the action, upon the ground that it could only be maintained against him in his official capacity, he may not thereafter successfully contend that the cause should be removed to the Federal Court for diversity of citizenship because he was also in official control of the lessee railroad, a nonresident corporation, not a party to the action.

6. Removal of Causes—Diversity of Citizenship—Pleadings—Allegations—New Parties—Motions.

*Semble*, the Director-General of Railroads, who has procured a stay of an action brought by a resident of this State against a domestic lessor railroad corporation, for the tort of its lessee, a foreign corporation not a party, may not maintain his motion to remove the cause to the Federal Court for diversity of citizenship between the plaintiff and the nonresident lessee, the complaint alleging the cause of action solely against the resident corporation and the Director-General having been made a party at his own instance alone.

MOTION to remove action to the Federal Court, heard before *Adams, J.,* at September Term, 1919, of ROWAN.

There was judgment in denial of the motion, and the defendant, the Director-General of Railroads, excepted and appealed.

*J. C. Busby and A. H. Price for plaintiff.*
*Linn & Linn for defendant.*

HOKE, J. Plaintiff, a citizen and resident of North Carolina, institutes this action against the North Carolina Railroad Company, a domestic corporation, and the Director-General of Railroads, as having charge of same under the Federal statutes and executive proclamations and orders applicable, to recover damages for physical injuries wrongfully suffered by plaintiff of the defendant from the negligent operation

of defendant's road in Rowan County, N. C., by its lessee, the Southern Railway Company, a Virginia corporation. Having filed his complaint, setting forth facts of the occurrence, and containing full averment of the liability of the defendant company, the latter, at return term, entered a special appearance and moved to dismiss the action as against the defendant company, for that, in the language of the motion: "It is not a proper defendant in the cause; that on 1 January, 1918, the possession and control and operation of its railroad was taken over by the United States Government, and has been so held and operated since that day by the Director-General of the United States, under an act of Congress, order No. 50 A of said Director-General, provides that suits of this kind shall be against the Director-General of Railroads and not otherwise."

The portion of the order applicable to the precise question presented being in terms as follows: "No. 50 A. It is therefore ordered that actions at law, suits in equity, and proceedings in admiralty hereafter brought in any court, based on contract binding upon the Director-General of Railroads, claim for death or injury to person, or for loss and damage to property, arising since 31 December, 1917, and growing out of the possession, use, control, or operation of any railroad or system of transportation by the Director-General of Railroads, which action, suit, or proceeding, but for Federal control, might have been brought against the carrier company, shall be brought against the Director-General of Railroads, not otherwise: *Provided, however,* that this order shall not apply to actions, suits or proceedings for the recovery of fines, penalties, and forfeitures." In support of the motion, defendant also filed the affidavit of A. D. Shelton, superintendent of the road from Salisbury to Goldsboro, and from Salisbury to Monroe, Virginia, in terms as follows: "That he holds his said position under the Director-General of Railroads of the United States; that since December, 1917, the North Carolina Railroad has been under the control and operation of the Director-General of Railroads, pursuant to an act of Congress of the United States; that said railroad is not being operated, nor has it been operated since December, 1917, either by the North Carolina Railroad Company or by its lessee, the Southern Railway Company, but each and every act pertaining to the operation of the said railroad has been under the direction, control, and supervision of the Director-General of Railroads of the United States and his agents. That at the time of the injury complained of in plaintiff's complaint, the defendant, the North Carolina Railroad, was under the control, management, and operation of the Director-General of Railroads for the United States, and affiant, as superintendent under the said Director-General, was the superintendent in control and operation of the said railroad."

39—178

On motion to dismiss, the court made an order that the action for the present be stayed as to defendant company, and allowed to proceed "as to the Director-General of Railroads in control of the lessor of the Southern Railway, and, to that extent, the said motion is denied." Thereupon, and on notice duly served, the defendant, the Director-General filed his bond and verified petition for removal of the cause to the District Court of the United States, and alleging: "That petitioner, as Director-General of Railroads, operating and controlling the Southern Railway Company, a corporation originally created, organized, and existing under the laws of Virginia, is now the only defendant in the suit or civil action begun against it in the Superior Court of Rowan County, N. C., etc. That said suit is for $20,000 damages for negligent injury alleged to have been sustained at or near Salisbury, N. C. That the controversy is wholly between plaintiff and his next friend, citizens and residents of North Carolina, and the defendant, 'a citizen of New York, operating and controlling a corporation originally created, organized, and existing under and by virtue of the laws of Virginia, and was, at the commencement of this action, and still is, a citizen of the State of Virginia, and not a citizen or resident of the State of North Carolina.' "

Upon these, the facts presented in the record and pertinent to the inquiry, the motion for removal was denied, and defendant, the Director-General, excepted and appealed.

It has been uniformly held with us, and the principle applied directly to the lease of defendant company, that where a railroad corporation leases its road to another, in the absence of an exemption clause in the charter, or other legislative provision controlling the matter, the lessor is responsible for the torts committed by the lessee in the operation of the leased road, and in the exercise of its franchise. *Mitchell v. Lumber Co.,* 176 N. C., p. 645; *Mabry v. R. R.,* 139 N. C., p. 388; *Hardin v. R. R.,* 129 N. C., p. 354; *Logan v. R. R.,* 116 N. C., p. 940; *Aycock v. R. R.,* 89 N. C., p. 321.

Authoritative cases on the subject of removal are to the effect that, on motions of this kind, the plaintiff's cause of action, as a legal proposition, must be considered and dealt with as he has presented it in his complaint, and not otherwise. *Gurley v. Power Co.,* 173 N. C., pp. 447-449, citing in support of the position *R. R. v. Miller,* 217 U. S., p. 209; *R. R. v. Thompson,* 200 U. S., p. 206; *R. R. v. Dixon,* 179 U. S., p. 131; *Rea v. Mirror Co.,* 158 N. C., pp. 24 and 27; *Hough v. R. R.,* 144 N. C., p. 704; *Tel. Co. v. Griffith,* 104 Ga., p. 56; *R. R. v. R. R.,* 52 N. J. Eq., p. 58; Fed. Judicial Code, sec. 29.

The act of Congress applicable, and under which the Director-General professes to have taken over the control and management of the road,

being an act of the 65th Congress, entitled "An act to provide for the operation of transportation systems while under Federal control," approved 21 March, 1918.   40 U. S. Statutes at Large, part 1, p. 457, contains, among others, the following provision, being the former portion of section 10:

"That carriers, while under Federal control, shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act, or any other act applicable to such Federal control, or with any order of the President.   Actions at law, or suits in equity may be brought by and against such carriers, and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government.   Nor shall any such carrier be entitled to have transferred to a Federal Court any action heretofore or hereafter instituted by or against it, which action was not so transferrable prior to the Federal control of such carrier; and any action which has heretofore been so transferred because of such Federal control, or of any act of Congress or official order or proclamation relating thereto, shall, upon motion of either party, be transferred to the court in which it was originally instituted.   But no process, mesne or final, shall be levied against any property under such Federal control."   And we are of opinion that the provisions of this statute, and the principles approved in the decisions cited, and others of like purport are in full support of his Honor's judgment denying the application for removal.   So far as the Southern Railway is concerned, alleged to be a Virginia corporation, it has never been made a party, and its citizenship should not be allowed to affect the question.   Moon on Removal of Causes, sec. 114.   And as to defendant, the Director-General, he is only a party as having control and management of the defendant road that is sued.   Not only does this follow from the fact that plaintiff only states a cause of action against the domestic corporation, but defendant himself, through his appointee, the superintendent, alleged by him to be in charge and control of the road under and by virtue of the act of Congress, appears and obtains a stay of the action as to defendant road on the ground that, under and by virtue of his own order, such suits, for the present, may only be prosecuted against him.   True, in proceedings of this character, the petition is regarded as a part of the record, and so far as the State Court is concerned, the relevant facts alleged therein must be accepted as true.   If plaintiff desires to controvert them, he must do so in the Federal Court after removal. But the only *facts* averred in this petition are as to the citizenship of the Director-General as an individual, and that of the Virginia corpora-

tion, neither of which is denied. The further allegation that, since the stay there only remains "a controversy wholly between citizens of different States, to wit, a controversy between your petitioner, a citizen of New York, operating and controlling a corporation, a citizen and resident of Virginia, and plaintiff, a citizen and resident of North Carolina," is not the averment of a fact, but the petitioner's legal estimate of facts appearing in other portions of the record. From such facts it appears that plaintiff has only stated a cause of action against the North Carolina Railroad, a domestic corporation. Under the authorities cited, he is entitled to have his rights determined in that aspect, and there is nothing to justify defendant in his attempted departure from the cause of action so stated, and setting up the position that he can defend as being in the control and management of the Southern Railway, a corporation of the State of Virginia. Furthermore, having become a party and accepted the position of defending the suit as being in the management and control of defendant, obtained a stay of proceedings against the corporation under an order that such suits are to be conducted against him in his official capacity, he should not be allowed to change his attitude and undertake a resistance as being in charge of the Virginia company. *McCarty v. R. R.,* 96 U. S., 258; *King v. R. R.,* 176 N. C., 301-306; *Lindsay v. Mitchell,* 174 N. C., 458; *Brown v. Chemical Co.,* 165 N. C., 421.

In our view, therefore, and accepting all the facts in the petition for removal as true, the defendant, the Director-General, must be considered a party only as being in the management and control of the defendant railroad; that, on a petition for removal, he must accept the cause of action as plaintiff has stated it in his complaint, and, this being against a domestic corporation, the case comes within the provision and purport of the act of Congress referred to, prohibiting a removal to the Federal Court, all causes which "were not so transferrable prior to Federal control," etc. Even if it were open to defendant to interpret plaintiff's cause of action as one against defendant road, a domestic corporation, and the Director-General, a citizen of New York, in the management and control of a Virginia corporation, thus presenting an action for a joint wrong against the two defendants, stayed by order of the Court as to the resident defendant, at the instance of the petitioner and by virtue of his order, made in the management and control of the transportation lines taken over by the Government, the authorities seem to be against the right of removal. In the case of *Gurley v. Power Co.,* before referred to, the Court said: "Under the Federal statutes applicable, and authoritative decisions construing the same, on motion to remove the cause to the Federal Court, by reason of the presence of a severable controversy between plaintiff and a nonresident defendant, such plaintiff is entitled to have his cause of action considered and dealt with, as

HILL *v*. R. R.

stated in the complaint, and, ordinarily, as his complaint presents it, at or before the time when the defendant, the applicant, is required to answer," citing *R. R. v. Miller,* 217 U. S., 209, and other cases. Under the present statute, we find no decision which justifies a departure from these requirements by reason of changes subsequently occurring in the record unless these changes have been brought about by the voluntary action of the plaintiff himself, as when he voluntarily discontinues his action against the resident defendant, the case presented in *Powers v. R. R.,* 169 N. C., 92, or by amendment subsequently made, he states a separable controversy when none had been originally presented, as in *Fritzlen v. Boatmen's Bank,* 212 U. S., 364, and citing for the position, *Brooks v. Clark,* 119 U. S., 502; *Putnam v. Ingraham,* 114 U. S., 57; *American Car, etc., Co. v. Kettledrake,* 236 U. S., 311; *Lathrop, etc., Co. v. Interior Cars Co.,* 215 U. S., 246, and other cases.

In *American Car Co. case, supra, Associate Justice Day,* after reviewing some of the decisions on the subject, said: "Taking these cases together, we think it fairly appears from them that, when there is a joint cause of action against defendants, a resident in the same State with plaintiff, it must appear to make the case a removable one as to nonresident defendant and resident defendants because of dismissal as to resident defendants, that the discontinuance as to such defendants was voluntary on the part of plaintiff, and that such action has taken the resident defendants out of the case so as to leave a controversy wholly between the plaintiff and the nonresident defendant."

While these authorities, as stated, would seem to be against the right of removal in any aspect of the record, we may well rest our approval of his Honor's ruling on the position that plaintiff, in his complaint, has stated a cause of action against the North Carolina Railroad, a domestic corporation, and has made the Director-General a party, and he is a party by reason of being in the management and control of that company. That on a petition of this kind he must accept the plaintiff's demand as he presents it in his complaint, and, in such case, by the terms of the statute under which he acts, the right of removal is expressly prohibited.

There is no error, and judgment of his Honor denying the application is

Affirmed.