### ELLA R. VANN v. SOUTHERN RAILWAY COMPANY.

(Filed 13 October, 1920.)

**Parties—Railroads—Government Control—Director General of Railroads.**

> Under the Federal Control Act the Director General of Railroads, is, in effect, a receiver, and an action will therefore lie against him, as such, for damages for the actionable negligence of an employee of a railroad under Government control and the railroad company is also properly joined as a party defendant.

Appeal by defendant from *Daniels, J.,* at May Term, 1920, of Wake.

This was an action by R. T. Vann and wife, Ella R. Vann, against the Southern Railroad and Walker D. Hines, Director General of Railroads, and the Southern Express Company, for personal injuries sustained by Ella R. Vann by the alleged negligence of the defendants, caused by the falling of a tongue of a truck operated at the union station in Raleigh in March, 1918. The husband of the plaintiff, R. T. Vann, entered a nonsuit, and the court directed a nonsuit as to the express company. Verdict for plaintiff; appeal by the defendants.

*Jones & Bailey and R. N. Simms for plaintiff.*
*William B. Snow for defendants.*

Per Curiam. There were divers exceptions assigned as error, but they were all abandoned in this Court, save exception 4, that the court overruled the motion of the Southern Railroad Company to dismiss the action as to it "upon the ground and because of its nonliability by reason of Federal control," which motion was in writing, and is set out in the record.

It is not necessary to discuss this point, as it was fully considered and decided in *Clements v. R. R.,* 179 N. C., 225, as to the same defendant in which we affirmed the decision in *Hill v. Director General,* 178 N. C., 609, that the Director General was in effect a receiver, and therefore the action will lie against him under the act of Congress, and that the defendant, the Southern Railroad Company, was properly joined as a

codefendant under the rulings in *Logan v. R. R.,* 116 N. C., 940; *Harden v. R. R.,* 129 N. C., 354, and the uniform decisions of this Court since.

The decision in *Clements v. R. R., supra,* and other cases cited above, and the reasons therefor, were reviewed and reaffirmed in *Gilliam v. R. R.,* 179 N. C., 508.

Upon the authority of the above cases, and for the reasons therein given, we find in this appeal