### NAN G. CLARK v. J. E. HARRIS.

(Filed 27 February, 1924.)

**Appeal and Error—Objections and Exceptions—Trials.**

> An assignment of error on appeal for error alleged upon a different theory than that upon which the case was tried in the Superior Court will not be considered.

APPEAL by defendant from *Connor, J.,* at November Term, 1923, of EDGECOMBE.

Civil action, *ex contractu,* to recover for the value of certain timber sold by plaintiff to defendant.

Upon denial of liability and issues joined, the jury returned a verdict for plaintiff, and from the judgment rendered thereon defendant appealed.

*Gilliam & Bond for plaintiff.*
*Allsbrook & Philips for defendant.*

PER CURIAM. A careful perusal of the present record leaves us with the impression that the case has been tried substantially in agreement with the law bearing on the subject, and that the validity of the trial should be sustained. All matters in dispute have been settled by the verdict, and no action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible error.

There was a contention made on the argument, and it also appears in defendant's brief, that plaintiff's cause of action should fail under the principle of accord and satisfaction (*Supply Co. v. Watt,* 181 N. C., 432), but the case was not tried upon this theory in the court below. It is well settled that, except in proper instances, a party to a suit should not be allowed to change his position with respect to a material matter in the course of litigation. *Hill v. R. R.,* 178 N. C., 612. Especially is this so where the change of front is sought to be made between the trial and appellate courts. *Ingram v. Power Co.,* 181 N. C., 359.

The verdict and judgment will be upheld.

No error.