COLE BROOKS, ADMINISTRATOR OF ROY BROOKS, v. SUNCREST
LUMBER COMPANY.

(Filed 25 June, 1927.)

1. **Employer and Employee—Master and Servant — Negligence — Railroads—Logging Roads—Comparative Negligence—Damages.**

    A logging road comes within the provisions of C. S., 3467, and where an employee thereof, in the scope of his duties, is injured by its negligence, the doctrine of comparative negligence applies, and contributory negligence by the employee will not bar a recovery in an action by his administrator to recover for his wrongful death.

2. **Actions—Wrongful Death—Nonsuit—Removal of Causes — Courts—Jurisdiction—Limitation of Actions.**

    C. S., 160, requiring that to maintain an action for damages for a wrongful death it must be brought in a year, construed with C. S., 415, extends the time within which the action must be brought in case of nonsuit to the extreme limit of two years, and where the defendant has, under the Federal statutes, removed the cause from the State to the Federal Court, and there taken a nonsuit, and has commenced his action again in the State court, the fact that the second action between the same parties, upon the same subject-matter, was commenced in the State court more than one year after the date of the death does not bar the plaintiff's right of action.

3. **Master and Servant—Employer and Employee — Negligence — Comparative Negligence—Verdict—Damages—Appeal and Error.**

    Where the plaintiff's complaint demands damages in a certain amount in his action involving the issues of negligence and contributory negligence, and the application of the rule of comparative negligence under the provisions of C. S., 3467, the fact that the jury has rendered a verdict for damages to the full amount demanded in the complaint under a proper instruction does not alone show that the jury had failed to follow the rule of damages prescribed in such instances, and the verdict will not on that ground be disturbed on appeal.

APPEAL by defendant from *Harwood, J.,* at November Term, 1926, of MACON. No error.

Action to recover damages for the wrongful death of plaintiff's intestate, who at the time he sustained the injuries which caused his death, was an employee of defendant, a corporation engaged in the operation of a logging road in Haywood County, N. C.

The issues submitted to the jury were answered as follows:

1. Was plaintiff's intestate killed by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did plaintiff's intestate by his own negligence contribute to his death, as alleged in the answer? Answer: Yes.

3. What damage, if any, is plaintiff entitled to recover? Answer: $3,000.

4. Is the plaintiff's cause of action barred by the statute of limitations, as alleged in the answer? Answer: No.

From judgment on the verdict defendant appealed to the Supreme Court.

*Horn & Patton, and Bourne, Parker & Jones for plaintiff.*
*P. C. Smith, A. Hall Johnston and Alley & Alley for defendant.*

Connor, J. There was evidence at the trial of this action sufficient to sustain affirmative answers to both the first and second issues submitted to the jury. Defendant, a corporation organized under the laws of the State of Delaware, owns and operates within this State a logging road. Plaintiff's intestate was employed by defendant as a brakeman on a train operated by defendant on this road. At the time he sustained his fatal injuries, caused by the negligence of defendant, as the evidence tends to show, and as the jury found as appears by the answer to the first issue, plaintiff's intestate was engaged in the performance of his duties as an employee of defendant. His contributory negligence, therefore, does not bar a recovery by plaintiff, his administrator in this action. C. S., 160, 3467, 3470. There was no error in the refusal of the court to allow the motions of defendant for judgment as of nonsuit, made first at the close of the evidence introduced by plaintiff, and again at the close of all the evidence. C. S., 567. Assignments of error based upon exceptions to the refusal to allow these motions are not sustained.

Plaintiff's intestate died on 20 November, 1923. This action was begun 8 September, 1925, more than one year from the date of his death. C. S., 160. It was agreed, however, at the trial, that an action based upon the same cause of action as that set out in the complaint herein, was begun by the plaintiff against the defendant in the Superior Court of Macon County, N. C., on 3 March, 1924; that is, within one year from the date of his death. The complaint in said action was filed on 12 March, 1924. On 31 March, 1924, upon petition of defendant, that action was removed from the Superior Court of Macon County to the District Court of the United States for the Western District of North Carolina for trial, under the provisions of the act of Congress. An answer was filed by defendant in the District Court on 3 May, 1924, and a reply thereto by plaintiff on 26 May, 1924. The action thereafter pended in the District Court until 3 August, 1925, on which day plaintiff took a voluntary nonsuit. This action was thereupon begun in the Superior Court of Macon County within less than a year after

the date of the nonsuit in the United States District Court. Defendant excepted to the instruction of the court that if the jury believed the evidence pertinent to the fourth issue, they would answer said issue, "No."

Defendant's assignment of error based upon this exception cannot be sustained. It has been held by this Court that C. S., 415, providing that if the plaintiff is nonsuited in an action commenced within the time prescribed therefor, he may commence a new action within one year after such nonsuit, is applicable to an action for wrongful death under C. S., 160, which provides that such action must be brought within one year after the death. *Trull v. R. R.,* 151 N. C., 545. It has also been held that where an action has been removed from the State court to the Federal Court, under the act of Congress providing for such removal, and a voluntary nonsuit is taken by plaintiff in the action while same is pending in the Federal Court, he may bring a new action upon the same cause of action in the State court within one year from the date of such nonsuit, by reason of the provisions of C. S., 415. *Fleming v. R. R.,* 128 N. C., 80. This case is cited in the Case Note to *Young v. Southern Bell T. & T. Co.,* 75 S. C., 326, 55 S. E., 765, 7 L. R. A. (N. S.), 501. In that case it is held that the removal of a suit from a State to a Federal Court does not confer upon the latter such exclusive jurisdiction that upon its entering an order of discontinuance, plaintiff cannot institute a new action upon the same cause in the State court, laying the damages so low as to prevent a second removal. In the note to the opinion in that case, as reported in 7 L. R. A. (N. S.), 501, it is said: "With the exception of one decision, and a few *dicta,* the cases are unanimous in favor of the doctrine of *Young v. Southern Bell T. & T. Co.,* that the removal to the Federal Court of an action commenced in a State court does not, in the event the action is dismissed in the Federal Court, without a decision on the merits, upon the plaintiff's motion or upon his voluntary submission to a nonsuit, prevent him from commencing and maintaining a new action upon the same cause of action in the State court." See cases cited in support of this statement of the law.

This Court has held, however, that C. S., 415, is not applicable to an action brought in a State court under the Federal Employers' Liability Act, *King v. R. R.,* 176 N. C., 301; *Belch v. R. R.,* 176 N. C., 22. In the opinion in the latter case, *Hoke, J.,* says: "We are not inadvertent to several decisions of our own Court which hold that this provision (Rev., 370, now C. S., 514) allowing a new action to be brought within twelve months after nonsuit, applies to all cases of nonsuit, including actions for wrongfully causing the death of another, required by our statute to be brought within one year after the death (Rev., 59,

now C. S., 160), and held with us to be a statutory condition of liability. *Gulledge v. R. R.,* 148 N. C., 567; *Meekins v. R. R.,* 131 N. C., 1. But while this is the recognized position as to suits governed by the laws of this jurisdiction, it may not be allowed to prevail when a Federal statute conferring the right of action has fixed upon two years as the time within which the action should be brought, without any modification by reason of the pending of a former suit; and our highest Court, as stated, construing the law, has held that the statute itself affords the exclusive and controlling rule of liability in all cases coming under its provisions." This action was brought under the laws of this State and not under the Federal statute; the rights of the parties must therefore be determined, not by the Federal statute, but by the laws of this State. See *King v. R. R., supra.* Defendant's road and its operation of the same is exclusively intrastate.

The evidence pertinent to the third issue involving the amount which plaintiff is entitled to recover in this action, as damages, tends to show that his intestate at the date of his death was 29 years of age. His previous health had been good. He was employed by defendant as a brakeman and flagman, and was engaged in the performance of his duties at the time he was injured. Plaintiff, who is his father, testified that he did not know what his wages were, but that he thought he was earning about $3.50 per day. These are the only facts which the evidence tends to show pertinent to this issue. In his complaint plaintiff alleges that by reason of the wrongful acts of defendant he suffered great damage in the sum of $3,000.

C. S., 3467, which is applicable to this action, is in words as follows: "In all actions hereafter brought against any common carrier by railroad to recover damages for personal injury to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." See, also, C. S., 3470.

In his charge the court instructed the jury fully and correctly in accordance with the statute. There is no exception in the case on appeal to these instructions. The following statement, however, appears therein:

"Upon the coming in of the verdict by the jury in this case, the court asked the jury if it had agreed upon its verdict, and the jury replied that it had. The court then directed the clerk to take the verdict. The clerk took the written verdict and read same in open court. At this point and before the clerk had been ordered to record the verdict, and before the jury had been permitted to separate, counsel for plaintiff an-

nounced to the court that there might be some question as to whether or not the answer to the third issue was proper, and asked that the jury be directed under a charge from the court to take this issue back for re-consideration." Just prior to the coming in of the verdict, the court had adjourned for the noon recess.

Upon motion of plaintiff's counsel, as above set out, the court directed the jury to keep their seats in the box pending his decision.

To the motion above-named, defendant's counsel objected, insisting that the verdict had been received, and when so received, upon the verdict, defendant was entitled to a new trial. The court in its discretion, overruled the motion of plaintiff's counsel and accepted the verdict, and signed the judgment as appears in the record. Defendant excepted and assigns as error the signing of the judgment upon the verdict. Defendant contends that it appears on the face of the verdict, considered in connection with the allegations of the complaint, that the jury did not diminish the damages, assessed by them, in proportion to the negligence of plaintiff's intestate, which they found contributed to his death.

It cannot be held as a matter of law that the jury disregarded the instructions of the court as to the law to be applied by them in determining the amount which plaintiff as administrator of deceased was entitled to recover in this action as damages, in the event they should answer the first and second issues in the affirmative. This amount by reason of the allegations of the complaint was limited to $3,000. The purpose of this limitation is manifest. Plaintiff chose to limit the amount which he demanded as damages to $3,000, rather than demand a larger sum, to which upon his allegation and proof, he may well have thought he was entitled to recover of defendant, a nonresident, who had procured the removal of the former action from the State court to the Federal Court, because plaintiff had demanded in that action a sum in excess of $3,000. The plaintiff was well within his rights in thus limiting the amount for which he demanded damages, for the purpose of preventing the removal of this action, for trial in the Federal Court, doubtless being moved to do so because of the greater expense involved in a trial in that court than in the State court.

It is apparent that the jury found that the full amount of plaintiff's damage, caused by the negligence of defendant, was in excess of $3,000, and, in accordance with the instruction of the court diminished such damages in proportion to the amount of negligence attributable to plaintiff's intestate, which contributed to his death, as determined by them.

The full damages which plaintiff has sustained by the negligence of defendant must, under the statute, be diminished by a sum which bears the same proportion to said damages as the contributory negligence of

plaintiff's intestate bears to the negligence of defendant. *Davis v. R. R.,* 175 N. C., 648, citing *R. R. v. Tilghman,* 237 U. S., 500, 59 L. Ed., 1069. A fair interpretation of the verdict does not require the conclusion that in answering the third issue the jury disregarded the instruction of the court.

There was no error in rendering judgment upon the verdict. Other assignments of error have been considered; they cannot be sustained. The judgment is affirmed.

No error.