MARTHA HAWKINS, ADMINISTRATRIX OF THE ESTATE OF SID HAWKINS, DECEASED, v. ROWLAND LUMBER COMPANY.

(Filed 12 March, 1930.)

1. **Appeal and Error E b—Charge of lower court is presumed correct when it is not set out in the record.**

   The charge of the trial court to the jury is presumed to be correct on appeal when it is not set out in the record.

2. **Master and Servant E a—Federal employer's Liability Act applies to logging roads.**

   Where the defendant in an action to recover damages for a wrongful death is a logging road, the fellow-servant rule does not apply, and contributory negligence is considered in mitigation of damages by the jury.

APPEAL by defendant from *Midyette, J.,* and a jury, at October Term, 1929, of CRAVEN. No error.

This is an action for actionable negligence brought by plaintiff, for the death of her intestate, against defendant.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was Walter Lindsay an independent contractor of the Rowland Lumber Company, and was plaintiff's intestate in the employ of said independent contractor at the time of his injury and death? Answer: No.

2. Was the plaintiff's intestate killed by the negligence of the Rowland Lumber Company, as alleged in the complaint? Answer: Yes.

3. Did the plaintiff's intestate by his own negligence contribute to his injury and death, as alleged in the answer? Answer: No.

4. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,000."

The court below rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Ernest M. Green and W. B. R. Guion for plaintiff.*
*Moore & Dunn for defendant.*

PER CURIAM. The defendant at the close of plaintiff's evidence and at the close of all the evidence made motions for judgment as in case of nonsuit, under C. S., 567. The court below overruled the motions, and in this we see no error. Defendant also requested certain prayers for instruction; the court below refused these, and in this we think the court correct.

As to negligence in not giving signals, see *Farr v. Power Co., ante,* p. 247.

The defendant was a logging road and the fellow-servant doctrine has no application—contributory negligence no bar, but mitigates damages. See C. S., 160, 3465, 3467, 3470; *Stewart v. Blackwood Lumber Co.,* 193 N. C., 138; *Brooks v. Suncrest Lumber Co.,* 194 N. C., 141. We think the case in many respects similar to *Lilley v. Cooperage Co.,* 194 N. C., 250. We find

No error.