M. B. LINDSEY v. MITCHELL & McCAULEY AND CITY OF BURLINGTON.

(Filed 31 October, 1917.)

**1. Pleadings, Inconsistent—Motions—Procedure.**

Where the plaintiff's reply to the answer is entirely inconsistent with his allegations in the original complaint, the defendant's remedy is by motion to strike out the offending parts of the reply, and usually the objection will not be considered after verdict.

**2. Same—Mechanics' Liens—Vendor and Purchaser.**

One who, under an agreement with the owner of a building, has had lumber shipped to himself and paid the draft therefor, and the lumber has been used in the building, acquires ownership of the lumber to an extent sufficient to protect his payments; and an allegation of this kind, in his reply to an answer, is not inconsistent with averments in his original complaint to enforce his claim that he had supplied building material which had been used in the building.

CIVIL ACTION, tried before *Kerr, J.,* and a jury, at May Term, 1917, of ALAMANCE.

Verdict and judgment for plaintiff, and defendants Mitchell & McCauley appealed.

*D. R. Fonville, Long & Long, and E. S. W. Dameron for plaintiff.*
*W. H. Carroll and Parker & Long for defendant.*

HOKE, J.  Plaintiff alleged in his complaint, and on the trial offered evidence, tending to show that defendants, Mitchell & McCauley, were contractors, who had constructed a public graded-school building for the city of Burlington; that plaintiff had supplied building material which had been used in said building, an itemized statement of the amount being filed and exhibited, and there was a balance due plaintiff thereon

of $1,211.88; that on notice, duly filed, the city of Burlington had retained from sum due contractors an amount sufficient to pay plaintiff's claim, and same was ready and available for the purpose.

Defendants answered, admitting that plaintiff had supplied material which had been used in the building, and the amount alleged was still unpaid, but averred that plaintiff had supplied the lumber pursuant to a contract defendants had made with one Sprott, and had in effect taken over their contract with Sprott; that the lumber so supplied was in breach of the contract made with Sprott, both as to the time of delivery and quality of some of the material, whereby the defendants were forced to go into the market and buy certain material at an advanced price, to defendant's damage.

Plaintiff, replying to counterclaim, denied that he was in any way acting for Sprott or under Sprott's contract, but alleged that on certain shipments of lumber by Sprott, plaintiff, at defendants' request and for their accommodation, had paid drafts for lumber shipped with bill of lading attached; that this lumber so supplied by plaintiff had been used in the building and was part of the account contained in the itemized bill on which there was the balance due, as stated.

Defendants filed a rejoinder, in which they denied making any request to plaintiff to take up the drafts and pay for the lumber, and again averred that plaintiff had supplied the lumber under their contract with Sprott and thereby became responsible on the counterclaim set up in their answer.

On issues submitted, the jury rendered the following verdict:

1. Are the defendants indebted to the plaintiff for material furnished? If so, in what amount? Answer: $1,211.88, interest from 28 August, 1916.

2. Did the plaintiff take over and assume the contract made between one Sprott and the defendants concerning the furnishing of framing for the Burlington School building? Answer: No.

3. What, if any, damages have the defendants sustained by reason of the plaintiff's failure to comply with said contract? Answer: .........

There was judgment on the verdict for plaintiff, and defendants, the contractors, appealed, assigning for error, chiefly, as we understand their position, that plaintiff's reply is entirely inconsistent with his claim as presented in the original complaint, and to such an extent that plaintiff should be held estopped from maintaining the positions contained therein.

It is well understood that in proper instances a party to a suit should not be allowed in the course of litigation to assert and maintain radically inconsistent positions. The authorities cited by appellant are in full support of the general principle contended for (*R. R. v. McCarthy,*

96 U. S., 258; *First National Bank, etc., v. Dovetail, etc., Co.,* 143 Ind., 534-538); and a recent case in our own Court (*Brown v. Chemical Co.,* 165 N. C., 451) is to the same effect, though, as a matter of pleading, the remedy is by motion to strike out the offending portions, and usually the objection will not.be considered after verdict.　6 Enc. Pl. and Pr., 460-470.

On perusal of the proceedings in the present instance, however, we are of opinion that there is no essential inconsistency in plaintiff's pleadings or in the evidence offered in support of his claim.

In the complaint he alleges generally that he sold and delivered lumber to be used in the building; that it was so used, and there is a balance due.　In the reply, reaffirming the general averments of the complaint, he alleges that, the lumber being shipped to him, he paid the draft, and, holding the bill, he delivered the lumber for uses stated, and that he did this for the convenience and at the request of the parties.

Under our decisions, this would give him the ownership of the lumber to an amount sufficient to protect his payments.　*Mfg. Co. v. Tierny,* 133 N. C., 631; *Dows v. Exchange Bank,* 91 U. S., 618.　And in either aspect, the jury having found that in doing this the plaintiff did not take over or assume the contract between the appellants and Sprott, we see no reason why he should not assert his claim as material man for the balance due him on his account.

There was ample evidence to support the verdict, and in our opinion the judgment in plaintiff's favor should be affirmed.

No error.