W. P. INGRAM ET AL. v. YADKIN RIVER POWER COMPANY.

(Filed 11 May, 1921.)

1. **Appeal and Error—Record—Settlement of Case—Signature of Judge—Agreed Statement.**

In order that a case on appeal may be considered, the record should contain a proper statement of the case sought to be determined in the Supreme Court, which is fatally defective unless there is an agreed case properly set out in the record, or where the judge has not signed what purports to be the case he has settled for the parties.

2. **Appeal and Error — Record — Statement of Case — Contention of Counsel.**

Matters in dispute between the appellant and the appellee as to admissions or agreements will not be considered by the Supreme Court on appeal, it being required that the case on appeal, properly presented, shall determine all such matters, and not a verbal controversy between counsel.

3. **Same—Case Remanded.**

*Held,* the record not being altogether clear as to certain facts occurring on the trial in this case, it is remanded to the Superior Court for

the appellant to request the judge, who presided at the trial, to fix a time and place for the hearing, so that he may find the material facts disputed at the hearing, if such may be desirable or possible.

**4. Same—Printing—Supplemental Order.**

Where a case on appeal is remanded to the Superior Court judge to make the case more definite or more full as to matters disputed in the Supreme Court, this Court may not require the entire record to be printed again if found to be correct, for in such event a supplemental order may suffice.

APPEAL by plaintiffs from *McElroy, J.,* at first September Term, 1920, of RICHMOND.

Civil action to recover damages for alleged ponding of water against and sobbing lands of plaintiffs by reason of defendant's concrete dam and flash dam at Blewett's Falls on the Pee Dee River. There was a verdict and judgment in favor of the defendant. Plaintiffs appealed.

*Stack, Parker & Craig and W. R. Jones for plaintiffs.*
*Robinson, Caudle & Pruitt, Thomas & Phillips, F. W. Bynum, James H. Pou, and W. L. Currie for defendant.*

STACY, J. The record contains no proper statement of case on appeal. The case, as settled by the trial judge, is not signed by him; and there is no agreed statement of the case. This was a matter of procedure to which the appellants should have given proper attention. C. S., 642, 643, and 644; *Holloman v. Holloman,* 172 N. C., 835; *Gaither v. Carpenter,* 143 N. C., 241; *Stevens v. Smathers,* 123 N. C., 499.

Upon the argument it developed that there is a difference between counsel as to what contentions, if any, were abandoned by plaintiffs during the trial in the Superior Court with respect to the alleged damages resulting from the concrete dam. On this point the record is not altogether clear. In *Gaither v. Carpenter, supra,* it was said: "The case on appeal should contain such incidents of the trial as were duly excepted to. What those incidents were is a matter which, if not agreed upon by counsel, must be settled by the trial judge, and cannot be determined by this Court." It should also contain a statement of what admissions, if any, were made by the parties during the progress of the trial, if said admissions are deemed to be material.

It is well understood that, except in proper instances, a party to a suit should not be allowed to change his position with respect to a material matter in the course of litigation. *Hill v. R. R.,* 178 N. C., 612; *Lindsey v. Mitchell,* 174 N. C., 458. Especially is this so where the change of front is sought to be made between the trial and appellate courts. *Webb*

*v. Rosemond,* 172 N. C., 848; *Coble v. Barringer,* 171 N. C., 445. We do not intend to say, or intimate, that such is the case here. It is one of the mooted questions which was argued on the hearing, and we do not know how it is. Neither do we mean to suggest that the point was raised in a proper manner at the time the case was "settled," nor even, if established, would be a controlling or material fact in the case at bar. We only give the parties an opportunity to have the matter determined if they are in position to do so, and consider it worth while.

The cause will be remanded to the end that a proper statement of the case on appeal may be had, including a finding by the judge, if desirable, and a more definite one can be made, touching plaintiffs' alleged abandonment of claim for damages resulting from the concrete dam. The appellants, being the moving parties, will request the judge to fix a time and place for the hearing.

It will not be necessary to have the entire statement of case on appeal reprinted if the present record is found to be correct. In such event a supplemental order will suffice.

Remanded.