WILLIE WALKER v. J. J. BURT.

(Filed 2 November, 1921.)

**1. Accord and Satisfaction—Statutes.**

Accord and satisfaction is a method of discharging a contract or settling a cause of action arising either from a contract or tort, by the parties compromising the matter in dispute between them, and accepting its benefits.  C. S., 895.

**2. Same—Issues.**

Where the cropper sues for damages arising from the breach by the landlord of his contract to furnish certain lands for cultivation, selling plaintiff's crops without accounting for the proceeds, and retaining more of the crops than he was entitled to for the rent, and there is evidence on the trial of full accord and satisfaction between them, the submission of the one issue as to the compromise and settlement will not be considered for error when the case has thereunder been presented to the jury, without prejudice to any of the appellant's rights.

**3. Issues—Court's Discretion.**

Where the issues submitted by the trial judge are directed to the material facts arising upon the pleadings, and afford full opportunity to the parties of presenting the various phases of the controversy, without prejudice, their number is within the discretion of the court.

**4. Same—Evidence—Appeal and Error.**

Where it is not controverted that the plaintiff had received the defendant's check stated to be in full of a part of a disputed account between them, and later a check stating that it was in full of the balance, evidence offered by the plaintiff as to the status of the affairs between them at each of these times is properly excluded, in the absence of fraud, imposition, or mistake. *Long v. Guaranty Co.*, 178 N. C., 507, cited and distinguished.

**5. Instructions—Contentions—Appeal and Error—Objections and Exceptions.**

An exception relating to the statement of the contentions of the parties by the trial judge in his charge to the jury will not be considered on appeal unless the alleged error had been brought to his attention at the time and before the case has been given to the jury.

**6. Appeal and Error—Grounds of Appeal—Theory of Trial.**

On appeal, the appellant is confined to the theory of the case on which it has been tried in the Superior Court.

APPEAL by plaintiff from *Connor, J.,* at the May Term, 1920, of WAKE.

The plaintiff alleged that in December, 1918, he rented a farm from the defendant for the cultivation of certain crops during the year 1919; that he agreed to plant ten acres in tobacco, ten in cotton, ten in corn, and ten in wheat, on certain conditions or agreements, which are fully stated in the complaint. He alleged that the defendant in several respects had failed to comply with his contract; that he had sold a part of the plaintiff's crop of tobacco, and had refused to account for all the proceeds; that the defendant had declined to permit the plaintiff to cultivate in cotton the land agreed on, but had required the plaintiff to cultivate another tract about a mile distant; that the defendant had sold the plaintiff's cotton and failed to account for it; that the defendant had retained more rent corn than he was entitled to, and had wrongfully detained certain of the plaintiff's wheat. The plaintiff alleged further that sundry other dealings had taken place between him and the defendant, which need not be recited here, and that the defendant was indebted to him in the sum of $2,769.86, with interest from 1 January, 1920.

The defendant denied the material allegations in the complaint, setting out particularly his contentions as to the several matters relied on by the plaintiff, and alleged that the plaintiff had failed to cultivate the land according to the agreement, and in other particulars had failed to

comply with the contract. The defendant, by way of amendment, incorporated the following allegation in his answer:

"That on or about 22 November, 1919, the plaintiff and the defendant had a full accounting and settlement between them of all their claims, accounts, and demands, except small remnants of ungathered crops, and that at said time and in connection with said settlement it was ascertained, determined and agreed between them that the total indebtedness of the defendant to the plaintiff was $872.65, and that accordingly at said time the defendant paid to the plaintiff the said sum of $872.65, which said sum the plaintiff received and accepted from the defendant in full settlement of all matters, except the said remnants of ungathered crops, and that thereafter, to wit, on or about 14 January, 1920, the plaintiff and the defendant had a full accounting and settlement of said remnants of ungathered crops not included in the said former settlement, and that thereupon upon a full accounting between them it was ascertained and determined that the full and final balance owing by the defendant to the plaintiff in adjustment, payment and settlement of all accounts, claims, and demands existing between them was the sum of $14.45, and that thereupon the defendant paid to the plaintiff the said sum of $14.45 in full settlement as aforesaid, and the plaintiff received and accepted from the defendant the payment of the said sum of $14.45 in full, complete, and final settlement of all claims, accounts, or demands whatsoever of the plaintiff against the defendant, and that the plaintiff is, by said settlement, barred and estopped to set up the claims and demands set forth in his complaint, and is barred to maintain his said action."

The plaintiff tendered the following issues:

"1. Was the check dated 22 November, 1919, for $872.65, given and received with intent on the part of both parties thereto that said check should be and was in full settlement of a disputed account and demand existing between the plaintiff and defendant on said date, except small remnants of ungathered crops?

"2. Was any check given by the defendant and received by the plaintiff on 14 January, 1920, in the sum of $14.25?

"3. If so, was said check given and received with intent on the part of both plaintiff and defendant that said check should be and was in full settlement of disputed balance due from defendant to the plaintiff as of 14 January, 1920, as alleged in defendant's supplemental answer?"

His Honor submitted only one issue to the jury, which, with the answer, is as follows:

"Has there been a full and final accounting and settlement between the plaintiff and the defendant of the matters in controversy referred to in the pleadings, as alleged in the answer? Answer: 'Yes.'"

Thereupon judgment was rendered, adjudging that there had been a full and final accounting and settlement of all matters referred to in the pleadings.

All the exceptions in the original brief of the appellant's counsel, not including the last three, which are purely formal, relate either to the issue submitted and the court's refusal to submit the issues tendered by the plaintiff, or to the admission and rejection of evidence, or to declining or giving instructions to the jury. At the trial defendant testified that on 22 November, 1919, he and the plaintiff had a settlement to date of all matters in dispute between them, and that he gave the plaintiff a check for $872.65, on which were written the words "in full settlement to date"; that the plaintiff thereupon delivered to the defendant a receipt, "In full settlement of all accounts and for all crops sold up to date"; and that on 4 January, 1920, there was a complete settlement, and that the defendant paid the plaintiff $14.45 by a check marked "In full settlement." There was evidence for the defendant tending to show that the alleged settlements included all matters in controversy.

The plaintiff contended that the defendant was due him more than $872; that he did not understand the transactions as purporting to be in settlement of all matters in dispute; that the defendant admitted owing the plaintiff about $1,500; and that defendant, in November or December, refused, after demand, to make further payment to the plaintiff. On each side there was corroborative evidence. The plaintiff appealed.

*Fletcher & Lewis and J. W. Bailey for plaintiff.*
*Allen J. Barwick for defendant.*

ADAMS, J. From the evidence, the charge, and the plaintiff's prayers for instructions, as well as his exceptions, it appears that the theory upon which the case was tried is that of accord and satisfaction. This doctrine is recognized as a method of discharging a contract, or settling a cause of action arising either from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof, and an execution of such substituted agreement. 1 R. C. L., p. 177. C. S., 895, provides: "In all claims, or money demands, of whatever kind and howsoever due, where an agreement is made and accepted for a less amount than that demanded or claimed to be due, in satisfaction thereof, the payment of the less amount according to such agreement in compromise of the whole is a full and complete discharge of the same."

The defendant testified, it is true, that the plaintiff was satisfied with the settlement, and that there was no dispute, but in addition the de-

fendant said in substance that after considering the claims of each party he finally agreed to make payment in settlement of all matters; and it is somewhat difficult to conform all the evidence to the conclusion that the settlement was not in the nature of an accord and satisfaction. We are, therefore, unable to see how the plaintiff could have been prejudiced by the court's embodying in one issue the substance of the three issues tendered by the plaintiff. It is obvious that the question whether the defendant gave, and the plaintiff accepted, the checks in part payment or in full settlement could easily have been presented under the issue submitted. In fact, this seems to have been one of the controverted questions, for the plaintiff distinctly testified that the checks were not accepted in final settlement, and that he thereafter made demand on the defendant for the remainder claimed to be due. If the issues are directed to the material facts arising upon the pleadings and afford an opportunity of presenting the various phases of the controversy, their number is a matter within the discretion of the court. *Millikin v. Sessoms,* 173 N. C., 723; *Drennan v. Wilkes,* 179 N. C., 512; *Dalrymple v. Cole,* 181 N. C., 285.

Only a few of the exceptions to the admission and rejection of evidence require discussion. The plaintiff contends that the court erroneously excluded evidence offered by him for the purpose of showing in connection with the receipt and the first check what had and what had not been sold, and for the purpose of showing in connection with the second check that the words "in full settlement" did not include all matters in controversy. We recognize the principle which, under certain circumstances, permits the introduction of parol evidence for the purpose referred to, as, for instance, in *Long v. Guaranty Co.,* 178 N. C., 507; but we are of opinion that the principle is not applicable to the plaintiff's exceptions. The plaintiff accepted and collected both the checks, and signed and delivered the receipt. There is no allegation in the pleadings that the plaintiff was induced by fraud, imposition, or mistake, to accept the checks or to sign the receipt, and he is therefore bound by their terms. In view of the limitation in the first check of "payment in full to date," and in the receipt of "full settlement of all accounts and for all crops sold up to date," it is not unreasonable to assume that the plaintiff accepted the second check "in full settlement" of all matters in controversy (*Kerr v. Sanders,* 122 N. C., 638), and hence, "will not be permitted to collect the check and repudiate the condition." *Aydlett v. Brown,* 153 N. C., 336; *Cline v. Rudisill,* 126 N. C., 524; *Ore Co. v. Powers,* 130 N. C., 153; *Mercer v. Lumber Co.,* 173 N. C., 54.

We have carefully examined all the prayers for instructions, and find them untenable. The granting of some would have required the judge

to invade the province of the jury, and the granting of others would have withdrawn the issue or directed an answer.

In his Honor's instructions to the jury we find no reversible error. Several of the exceptions relate to statements as to the contentions of the parties, and the court was not advised at the time of the plaintiff's objection. *S. v. Foster,* 172 N. C., 960; *McMillan v. R. R., ib.,* 853; *S. v. Little,* 174 N. C., 801.

We are precluded from giving to a part of Mr. Bailey's interesting argument the consideration which ordinarily it would merit for the reason that it was based upon a theory distinct from and inconsistent with that upon which the case was tried before the jury. There is a uniform line of decisions which hold that after a party has elected to try his case on one theory in the lower court he may not be permitted to change his attitude with respect thereto on appeal. *Brown v. Chemical Co.,* 165 N. C., 424; *Lindsey v. Mitchell,* 174 N. C., 459; *Barcliff v. R. R.,* 176 N. C., 41; *King v. R. R., ib.,* 306; *Lipsitz v. Smith,* 178 N. C., 100; *Hill v. R. R., ib.,* 612; *Starr v. O'Quinn,* 180 N. C., 94. All the plaintiff's exceptions are disallowed.

No error.