R. B. WILSON, JR., v. GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 1 May, 1935.)

**1. Appeal and Error K b—**

> Where it is conceded on appeal that one of three defenses interposed as grounds for dismissal constitutes the only valid defense, and it appears that the court did not pass upon such defense, but dismissed the action upon another insufficient ground, the case will be remanded for further proceedings.

**2. Appeal and Error B b—**

> Where it is admitted on appeal that there was error in dismissing the action upon the ground upon which the judgment dismissing the action is based, the judgment must be reversed, since the appeal must follow the theory of trial in the lower court.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1934, of SAMPSON.

Civil action to establish claim for notary fees earned by plaintiff while in the employ of the Bank of Clinton and placed to the credit of the bank.

Plaintiff was employed by the Bank of Clinton from 1922 until its failure in 1931, first as clerk, then as teller, and later as assistant cashier.

He also owned a few shares of stock in the bank. From 1925 until the bank closed, plaintiff was a notary public and did the notarial work of the bank. Up to 1 January, 1927, he kept his notarial fees, but beginning with this date, plaintiff's salary was increased, along with other employees, and he was instructed by the cashier and managing director thereafter to place his notarial fees in the bank, crediting them to the account of undivided profits. Plaintiff complied under protest. The bank paid for the renewals of plaintiff's commission as a notary public and furnished him stationery, stamps, etc.

The fees in question amounted to $547.50 in 1927; $588.50 in 1928; $692.00 in 1929; $299.50 in 1930; $136.50 in 1931, making a total of $2,264.00 for the five years.

Plaintiff's salary ranged from $1,650.00 in 1926 to $2,200.00 in 1928 and 1929. He testified on cross-examination: "I never made demand on the bank for my fees while it was open. If the bank had remained open I don't know that I ever would have known I had any legal right to the fees."

The defenses interposed were: (1) Estoppel, (2) payment, and (3) statutes of limitations.

The court, being of opinion that plaintiff was estopped by his own testimony from bringing the action, dismissed the same as in case of nonsuit, and from this ruling plaintiff appeals, assigning errors.

*J. A. McLeod and Faircloth & Fisher for plaintiff.*
*J. D. Johnson, Jr., for defendant.*

STACY, C. J. It was conceded on the argument that, upon the record as presented, the plea of payment, if established, and not that of estoppel, constitutes the only valid defense to plaintiff's claim. Annotation: 25 A. L. R., 170. As this was not passed upon in the court below, and the evidence directed to the point is nebulous, the case will be remanded for further proceedings.

Error in dismissing the action upon the plea of estoppel having been confessed, necessarily works a reversal of the present judgment. An appeal *ex necessitate* follows the theory of the trial. *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498; *Walker v. Burt,* 182 N. C., 325, 109 S. E., 43; *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339.

Reversed.