I. W. LEGGETT v. SOUTHEASTERN PEOPLE'S COLLEGE, INC.

(Filed 12 December, 1951.)

**1. Appeal and Error § 8—**

A claimant may not contend in the Supreme Court for a higher priority for the payment of its claim than it asserted either before the receiver or the Superior Court on appeal, since the appeal to the Supreme Court *ex necessitate* follows the theory of the trial in the lower court.

**2. Receivers § 12c—**

The lien of employees for wages for the two months next preceding the appointment of a receiver, G.S. 55-136, does not exist so long as the property remains in the hands of the insolvent but arises only when the property of the insolvent is taken *in custodia legis* for the purpose of distribution among the creditors, and though denominated a lien, in practical effect it is a right of priority of payment requiring neither levy upon nor sequestration of property by the lienee.

**3. Receivers § 12c—**

The right of the United States to priority of payment of taxes out of the general fund of the debtor in the hands of the receiver or assignee attaches upon the appointment of the receiver or the date of the debtor's assignment for the benefit of creditors.   31 U.S.C.A. sec. 191 (R.S. 3466).

**4. Same—**

The receiver was appointed 12 January 1950.   *Held:* United States income taxes for the year 1949 were due 1 January 1950, and the United States is entitled to priority of payment of the taxes under 31 U.S.C.A. sec. 191 without assessment, registration, sequestration or levy, notwithstanding that the taxpayer was not required to report and pay same until a later date.

**5. Courts § 12—**

An Act of Congress adopted within the field of legislative powers granted to the United States Government by the Constitution is a part of the supreme law of the land, and constitutional and statutory provisions of the State in conflict therewith cannot be given effect.   U. S. Const., Art. VI, sec. 2.

**6. Receivers § 12c—**

The receiver was appointed 12 January 1950.   *Held:* The right of the United States to priority of payment for income taxes for the year 1949, 31 U.S.C.A. sec. 191, and the lien of the employees for wages for the two months next preceding the appointment of the receiver, G.S. 55-136, came into being at the same time, and the claim for income taxes has priority, since the Federal statute takes precedence and since the claim of the employees, though denominated a lien, is not a lien on specific property so as to bring it within the exceptive provisions of 26 U.S.C.A. sec. 3672.

APPEAL by the United States, creditor, from *Bennett, Special J.,* June Extra Term, 1951, MECKLENBURG.

Receivership proceeding heard on the report of the receiver allowing and fixing the priorities of claims filed for payment.

The defendant was adjudged insolvent and on 12 January, 1950, a receiver was appointed to liquidate its assets. Claims were filed as follows:

(1) By employees of the corporation aggregating more than $65,000, claiming a lien on the assets of the corporation for the payment thereof under G.S. 55-136;

(2) By the plaintiff who asserts a debt secured by mortgage;

(3) By the Federal Government for (a) income tax, Federal insurance contribution and unemployment taxes, with interest, penalties, etc., in the amount of $4,467.38, (b) overpayments for services rendered veterans, allegedly procured by fraud, and, (c) fines imposed in criminal proceedings: $88,000;

(4) By the State of North Carolina for income tax, employer's contributions, etc., with penalties and interest in the sum of $1,417.99; and

(5) By unsecured creditors in the amount of $27,475.31.

The receiver disallowed the claim of the plaintiff and also the claim of the Government for fraudulent overpayments. He allowed the other claims and classified them for payment as follows:

(1) Employees allowed $31,002.74 as secured claims under G.S. 55-136, classified first in order of payment, and $6,519.70, classified as unsecured and placed in the fourth class.

(2) The claim by the United States for taxes in the amount of $3,541.29 plus interest, classified second in order of payment.

(3) The State of North Carolina claim for taxes in the amount of $1,417.99, classified third in order of payment.

(4) Unsecured claims allowed in the amount of $17,683.36, classified fourth in order of payment.

(5) United States Government fines, allowed $88,000, classified fifth in order of payment.

The United States Government excepted and appealed. In its exceptions it requested that its claim for fines imposed be classified as an unsecured claim to be paid in the same order as other unsecured claims.

On the appeal the court below, in ruling on the conflicting claims to priority between the employees and the Federal Government and as a basis for its decision, found that the taxes due the Federal Government for the year 1949 for which the Federal Government filed claim did not become due until after the appointment of the receiver. It likewise, by consent, allowed $30,000 for overpayments made by the Federal Government to the defendant for services rendered veterans and, as so amended, affirmed the report of the receiver. The court expressly rejected the Government's claim for penalties but allowed its claim for interest.

· The United States excepted for that (1) the court erred in overruling its exception to the report of the receiver and entering the judgment which appears of record; (2) the court erroneously concluded that the lien on the assets of the corporation created by G.S. 55-136 in favor of employees for wages due for services rendered within two months next preceding the appointment of the receiver is entitled to priority of payment over the claim of the United States for taxes, interest, and penalties for that "none of the taxes became due and payable until after the appointment of the Receiver"; (3) the court affirmed the report of the receiver "insofar as it allows priority of payment of claims of employees for wages earned within two months preceding the date of the Receivership, over claims of the United States for . . . overpayment of vouchers, because of alleged fraud on the part of" the defendant; and (4) the court disallowed its claim for penalties. Having so excepted, the United States Government appealed.

*Theron Lamar Caudle, Assistant Attorney General; Ellis N. Slack, A. F. Prescott, Homer R. Miller, Special Assistants to the Attorney General; Thomas A. Uzzell, Jr., United States Attorney; Frances H. Fairley, Assistant United States Attorney; for claimant appellant.*
*Covington & Lobdell for receiver appellee.*

BARNHILL, J. The appellant, without waiving its position in respect thereto, withdraws its exception to the disallowance of the small amount of penalties claimed by it, and the first exception is general in nature, presenting no question for decision.

In its appeal to the superior court and in the hearing in the court below on its exceptions to the report of the receiver, the appellant took the position that its claim for fraudulent overpayments should be classified in the fourth class along with other unsecured claims. There was no exception to the receiver's report which presented any other contention. Even so, pending its appeal to this Court, it takes another mount and seeks to ride a different horse here. This it may not do.

It is well established that a party to a suit may not change his position with respect to a material matter during the course of litigation. *Hill v. R. R.,* 178 N.C. 607, 101 S.E. 376; *Lindsey v. Mitchell,* 174 N.C. 458, 93 S.E. 955. "Especially is this so where the change of front is sought to be made between the trial and the appellate courts." *Shipp v. Stage Lines,* 192 N.C. 475, 135 S.E. 339; *Ingram v. Power Co.,* 181 N.C. 359, 107 S.E. 209; *Coble v. Barringer,* 171 N.C. 445, 88 S.E. 518. After he has elected to try his case on one theory in the lower court, he may not be permitted to change his attitude with respect thereto on appeal. *Walker v. Burt,* 182 N.C. 325, 109 S.E. 43, and cases cited. Instead, the appeal,.

*ex necessitate,* must follow the theory of the trial in the court below. *Hargett v. Lee,* 206 N.C. 536, 174 S.E. 498, and cases cited; *Wilson v. Hood, Comr. of Banks,* 208 N.C. 200, 179 S.E. 660.

It is apparent that the two claims clearly entitled to priority in payment exceed in amount the total available assets of the insolvent corporation. Therefore, the question whether this claim should be classified as an unsecured claim is, on this record, purely academic. Decision thereof should await the time when it is more clearly presented in a case in which it is a material issue. We therefore pass the question without decision other than to say the contention of the Government, made for the first time in this Court, that it is entitled to first priority in payment may not now be considered.

As between the claims of the employees secured under the terms of G.S. 55-136 and the claim of the United States Government for taxes and interest, which is entitled to priority in payment? This is the crux of the controversy. The court below answered in favor of the employees. A careful examination of the authorities leads us to the contrary view.

31 U.S.C.A. sec. 191 (R.S. 3466) provides that "whenever any person indebted to the United States is insolvent . . . the debts due to the United States shall be first satisfied . . .," and G.S. 55-136 gives the employees a lien on the property of their insolvent employer in this language: "In case of the insolvency of a corporation . . . all persons doing labor or service of whatever character in its regular employment have a lien upon the assets thereof for the amount of wages due to them for all labor, work, and services rendered within two months next preceding the date when proceedings in insolvency were actually instituted and begun against the corporation . . . which lien is prior to all other liens that can be acquired against such assets . . ."

While the Federal statute merely uses the word "insolvent," it is now well established that no right to priority of payment comes into being under the statute, however insolvent the debtor may be, until or unless the debtor is divested of possession of his property for the purpose of liquidation. In receivership proceedings, the receiver, in distributing the assets among the creditors, shall first pay the debts due the United States. It is a mere right of prior payment out of the general fund of the debtor in the hands of the receiver or assignee which attaches upon the appointment of a receiver or upon the date of the debtor's assignment for the benefit of creditors. *Bishop v. Black,* 233 N.C. 333.

Likewise, the lien of the employees arises upon the sequestration of the property of the insolvent for the purpose of liquidation, or rather the institution of a proceeding for that purpose. Thus the right of priority of payment of the claim of the United States Government and the lien of the employees are created and come into being contemporaneously by

virtue of one and the same act. Neither exists so long as the property remains in the hands of the insolvent. Both arise when the property is taken *in custodia legis* for the purpose of distribution among the creditors. Each is a legislative directive as to such distribution.

In the first place, however, the appellee contends that on this record the question is not presented for the reason there was no debt due the United States at the time the receiver was appointed; that since there was no debt due at that time, no right of priority of payment exists; that the right of priority is created in respect to debts due the Government at the time the property is segregated for the benefit of creditors and the rights and priorities of creditors are to be fixed as of that time. *U. S. v. Marxen*, 307 U.S. 200, 83 L. Ed. 1222.

This brings us to a construction of the meaning of "debts due" as used in the Federal statute. The term does not connote a debt past due or in default. It simply means debts owed or owing; that which one contracts or is under legal obligation to pay; a legal charge, fee, toll, tribute, or the like. Webster, New Int. Dic.; Black, Law Dic., 3rd Ed. It denotes a state of indebtedness. *U. S. v. The State Bank of N. C.*, 31 U.S. 29, 8 L. Ed. 308; *N. J. v. Anderson*, 203 U.S. 483, 51 L. Ed. 284; *Kavanas v. Mead*, 171 F. 2d 195. A debt due is a debt accrued, and a debt is accrued when all events have occurred which fix and determine the liability of the debtor to the creditor. *Comr. v. Oil Co.*, 148 F. 2d 671, Cert. denied 325 U.S. 881; *U. S. v. Anderson*, 269 U.S. 422, 70 L. Ed. 347.

The taxes which are the subject matter of the Government's claim are taxes due for the year 1949. While the taxpayer was not required to report and pay the same until a later date, they accrued during the year 1949 and were payable as of the first day of January 1950. The amount thereof was readily ascertainable. The receiver was appointed 12 January 1950. So then, at that time there was a debt due the United States within the meaning of 31 U.S.C.A. sec. 191. *Bishop v. Black, supra; Price v. U. S.*, 269 U.S. 492, 70 L. Ed. 373; *Ill. v. Campbell*, 329 U.S. 362, 91 L. Ed. 348.

As the Federal statute creates a right to prior payment out of the assets of an insolvent, and not a lien against his property, assessment, registration, or sequestration by levy is not required. *Bishop v. Black, supra; U. S. v. Okla.*, 261 U.S. 253, 67 L. Ed. 638; *U. S. v. Chamberlain*, 219 U.S. 250, 55 L. Ed. 204; *U. S. v. Ayer*, 12 F. 2d 194; *Meyersdale Fuel Co. v. U. S.*, 44 F. 2d 437.

Thus it appears that the respective statutes upon which the parties rely are in irreconcilable conflict. Both cannot be given full force and effect. One must yield to the other. Which takes precedence?

An Act of the Congress adopted within the field of legislative powers granted to the national Government by the Constitution is a part of the

supreme law of the land "and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." U. S. Const., Art. VI, sec. 2.

Hence, the priority of payment demanded by R.S. 3466, 31 U.S.C.A. sec. 191, cannot be set aside by State legislation. *Michigan v. U. S.,* 317 U.S. 338, 87 L. Ed. 312, and cases cited; *U. S. v. Texas,* 314 U.S. 480, 86 L. Ed. 356. It must be observed, notwithstanding the positive language of G.S. 55-136. *U. S. v. Emory,* 314 U.S. 423, 86 L. Ed. 315.

The lien of the employees is not specific or preferred in the sense necessary to give it precedence over the claim of the Government under the provisions of 26 U.S.C.A. sec. 3672. It is not a lien that may be recorded. Neither may there be any levy upon or sequestration of property by the lienee for the satisfaction thereof. It arises only upon the institution of an action, the purpose of which is the sequestration of the property in the hands of the court for the purpose of liquidation, and the segregation of the property by the court is for the benefit of all the creditors and not the employees alone. This is not sufficient to bring the lien within the exceptive provisions of 26 U.S.C.A. sec. 3672.

While the statute creates what is denominated a lien, it, in practical effect, grants to the employees of the insolvent a right of payment of the designated wages prior to the payment of any other claim, secured or unsecured. *Cf. Roberts v. Manufacturing Co.,* 169 N.C. 27, 85 S.E. 45. This preference is subordinate to the right of the appellant under the provisions of R.S. 3466, 31 U.S.C.A. sec. 191.

It follows that the court below erred in directing the payment of the secured claims of the employees prior to the payment of the claim for taxes and interest filed by the appellant herein. To that extent the judgment entered is modified and, as so modified, the same is affirmed.

Modified and affirmed.