THE BOARD OF EDUCATION OF HAYWOOD COUNTY v. THE TOWN OF WAYNESVILLE AND J. H. HOWELL, GLEN C. PALMER, HILDA WAY GWYN, FRED DOUTT, WILLIAM MEDFORD AND JAMES L. KILPATRICK, JR., TRUSTEES OF THE HAYWOOD COUNTY PUBLIC LIBRARY.

(Filed 21 September, 1955.)

1. **Schools § 6c—Title to school property in question held vested in county board of education by virtue of G.S. 115-352.**

Findings of fact to the effect that a county board of education assumed payment of the bonded indebtedness of a municipality incurred therein for school purposes and took possession of all public school property and operated the schools in the municipality, that the county thereafter assumed the payment of all indebtedness of the special taxing district of the municipal township, and that the property in controversy was continuously used by the county board of education for school purposes until shortly before the commencement of the action, and that the trustees of the municipal graded school district ceased to function in their capacity as trustees subsequent to the formation of the special taxing district, *held* sufficient to support the court's adjudication that title to the property was vested in the board of education by virtue of Chapter 358, Public Laws of 1939 (G.S. 115-352).

2. **Same—**

Title to school property in the municipality in question was vested in the county board of education by virtue of G.S. 115-352. Thereafter a statute (ch. 952, Session Laws of 1953) was passed vesting in substituted trustees of the graded schools of the municipality "whatever title to the property"

was vested in the former board of trustees of the graded schools of the municipality. The substituted trustees conveyed the property to defendants. *Held:* Since the former board of trustees of the school district of the municipality had no title, no title was vested in the substituted trustees by the statute, and therefore deed of the substituted trustees conveyed no title.

**3. Appeal and Error § 8—**

Where it is alleged in the complaint and admitted in the answer that the board of trustees of the graded schools of a municipality was vested with title to the property in suit, and the case is tried under the admitted theory that both parties claim title from such board of trustees, appellant may not contend on appeal that the deed to such board of trustees failed to convey title, since the theory of trial in the lower court must prevail in considering an appeal and in interpreting the record and determining the validity of the exceptions.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Moore (Dan K.), J.,* at May Term, 1955, of HAYWOOD.

*W. R. Francis and Felix E. Alley, Jr., for plaintiff, appellee.*
*Morgan & Ward and Wm. Medford for defendants, appellants.*

JOHNSON, J. This is a civil action involving title to real estate, brought by the Board of Education of Haywood County against the Town of Waynesville and the Trustees of the Haywood County Public Library. The case was heard below on an agreed statement of facts, with stipulation that the court should find additional facts, without jury trial, and enter judgment.

The property in controversy was owned originally by the Board of Trustees of Waynesville Graded Schools. This Board was created as a body corporate by Chapter 433, Private Laws of 1913, and invested with the title to all property previously acquired for the Waynesville Graded Schools.

The plaintiff, Board of Education of Haywood County, claims title by virtue of Section 5, Chapter 358, Public Laws of 1939, now codified as the last paragraph of G.S. 115-352, which reads as follows:

"In all cases where title to property has been vested in the trustees of a special charter district which has been abolished and has not been reorganized, title to such property shall be vested in the county board of education of the county embracing such special charter district."

It is the contention of the plaintiff that the Waynesville Graded School Special Charter District was abolished prior to 1939 and never reorganized, and that by operation of law, pursuant to Chapter 358,

Public Laws of 1939 (G.S. 115-352), the title to the property owned by the Board of Trustees of the Waynesville Graded Schools became vested in the Board of Education of Haywood County upon ratification of the Act of 1939.

The defendants claim title by virtue of deeds dated 7 August, 1953, made by J. H. Woody and others, as Trustees of the Waynesville Graded Schools. One of these deeds purports to convey a small portion of the land in controversy to J. H. Howell and others, Trustees of the Haywood County Public Library; the other deed purports to convey the rest of the land to the Town of Waynesville. Each deed recites that it is made by a substituted board of trustees of the Waynesville Graded Schools, pursuant to Chapter 952, Session Laws of 1953.

The court below found and concluded that as contended by the Board of Education of Haywood County title passed to it under Chapter 358, Public Laws of 1939 (G.S. 115-352), and that the recent deeds made by the substituted Board of Trustees of the Waynesville Graded Schools are ineffectual to convey title to the defendants. The judgment entered decrees that the plaintiff is the owner and entitled to the immediate possession of the lands in controversy, and that the deeds to the defendants be set aside and canceled of record as clouds on the plaintiff's title.

The pertinent findings which support the adjudication that title passed to the Board of Education of Haywood County are summarized below:

1. Prior to 1923 the Town of Waynesville incurred indebtedness and issued bonds in the amount of $38,000 for the erection of school buildings and the purchase of equipment placed on the property in controversy.

2. Immediately after ratification of Chapter 350, Public-Local Laws of 1923, the Board of Education of Haywood County assumed payment of the bonded indebtedness of the Town of Waynesville incurred for school purposes and "took possession . . . of all public school property in Waynesville Township and operated schools therein," including the school property in controversy; that continuously since that time the property has been used for school purposes by the Board of Education of Haywood County, until a few months before the commencement of this action.

3. In 1924 a special taxing district was organized for Waynesville Township, and from 1925 until 1933 the County of Haywood levied special taxes for school purposes in Waynesville and other special taxing districts in the County.

4. Pursuant to statute (see Chapters 299 and 562, Public Laws of 1933), the County of Haywood in 1933 assumed the payment of all indebtedness of the special taxing district, including the special taxing

district of Waynesville Township, and thereafter the County ceased levying special taxes in special taxing districts.

5. The school property here in controversy was used for high school and elementary grades until after the organization of the township special taxing districts in 1924, and thereafter the Trustees of the Waynesville Graded School District ceased to function in their capacity as trustees. It was stipulated below that after the township special taxing district was organized in 1924, "the duties of the Trustees were assumed by the County Board of Education . . .; that no other trustees were appointed for the Special District and no other Trustees functioned as Board of Trustees . . ., and that at the time of the passage of the Act in 1953, all the original Trustees were dead and no additional Trustees were named until after the Act of 1953."

6. ". . . that the property in controversy is not now, and never has been, embraced within any city administrative unit as organized under the school laws of North Carolina."

None of the foregoing findings are controverted by the defendants except the recitals of Paragraph 6. The defendants except to that paragraph, and contend it contains a conclusion of law and not a finding of fact. Conceding, without deciding, that the defendants' contention is correct, even so, it is observed that the defendants neither alleged nor offered evidence tending to show that the property here involved has ever been embraced within a city administrative unit organized under our school laws. (Sec. 4, Chapter 562, Public Laws of 1933, G.S. 115-352.) In this state of the record we are inclined to the view, and so hold, that the unchallenged findings of fact—particularly those set out in paragraphs numbered 2, 4, and 5—sustain the conclusion that the property in controversy has never been embraced in a city administrative unit within the meaning of our school laws.

We conclude, therefore, that the record sustains the conclusion of the lower court that title to the property became vested in the Board of Education of Haywood County by statutory mandate, Chapter 358, Public Laws of 1939 (G.S. 115-352).

This being so, the remaining question for decision is, whether the deeds of 7 August, 1953, made by the substituted Trustees of the Waynesville Graded Schools are operative as conveyances of title to the defendants. We are constrained to the view that the deeds are inoperative for these reasons: The substituted Trustees were appointed by the Clerk of the Superior Court of Haywood County pursuant to Chapter 952, Session Laws of 1953. The substituted Trustees derive their power to convey solely from the foregoing Act. And the Act purports only to vest in the substituted Trustees for purposes of convey-

ance "whatever title to the property" was vested in the former Board of Trustees of the Waynesville Graded Schools.

As previously pointed out, no title was vested in the former Board of Trustees. Its title had previously passed to the Board of Education of Haywood County under Chapter 358, Public Laws of 1939 (G.S. 115-352). It necessarily follows that no title passed to the defendants by virtue of the deeds executed 7 August, 1953, by the substituted Trustees, and the court below correctly decreed that the deeds be set aside as clouds on the plaintiff's title.

It is noted that the court below did not reach for decision, nor do we, the question whether Chapter 952, Session Laws of 1953, is unconstitutional.

There is no merit in defendants' further contention that the deed to part of the property made in 1913 by the Mayor and Board of Aldermen of the Town of Waynesville to the Board of Trustees of Waynesville Graded Schools failed to convey title because the deed was not executed and acknowledged in the corporate name of the Town of Waynesville. As to this, we note it is alleged in the complaint and admitted in the answer of the Town of Waynesville that title to all public school property in the Waynesville Special Charter School District was vested in the Board of Trustees of the Waynesville Graded Schools by virtue of Chapter 433, Private Laws of 1913. Besides, the judgment below contains an agreed finding that the Town of Waynesville conveyed the parcels of land in question to the Board of Trustees of the Waynesville Graded Schools. Thus, under the admitted theory of the trial, all parties claim title from a common source, namely: the Board of Trustees of the Waynesville Graded Schools. The rule is that the theory upon which a case is tried in the lower court must prevail in considering the appeal and in interpreting the record and determining the validity of the exceptions. *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923; *Leggett v. College,* 234 N.C. 595, 68 S.E. 2d 263.

The defendants' other exceptions have been examined and found to be without substantial merit.

The judgment below is

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.