IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-439

 Filed: 5 November 2019

Stanly County, No. 18 CVD 113

CHANDA Y. HINSON, Plaintiff,

 v.

MICHAEL ANTHONY HINSON, Defendant.

 Appeal by plaintiff from order entered 14 February 2019 by Judge T. Thai Vang

in Stanly County District Court. Heard in the Court of Appeals 15 October 2019.

 Adkins Law, PLLC, by C. Christopher Adkins, Sarah E. Bennett, and Kelsey J.
 Queen, for plaintiff-appellant.

 Parker Bryan Family Law, by Gene Brentley Tanner and Kaitlin S. Kober, for
 defendant-appellee.

 TYSON, Judge.

 Chanda Hinson (“Plaintiff”) appeals from an order modifying child custody

(“custody order”) entered on 14 February 2019, which granted Michael Hinson

(“Defendant”) joint legal and primary physical custody of their two minor children.

We affirm in part and remand.

 I. Background

 Plaintiff and Defendant married on 19 January 2007 and separated on 1 June

2017. They are parents of two minor children: S.H., born in 2006, and T.H., born in

2012. Defendant has served as a firefighter with the Albermarle Fire Department in
 HINSON V. HINSON

 Opinion of the Court

Stanly County for nineteen years. During their marriage, Plaintiff worked in a

“traditional role” raising their children. Since their separation, Plaintiff works part-

time, sixteen hours per week, providing in-home medical services.

 On 14 February 2018, Plaintiff filed a verified complaint for custody, child

support, equitable distribution, and attorney’s fees. Plaintiff alleged she was a fit

and proper person to have custody of the children, and their best interests would be

served by custody with her.

 On 27 February 2018, Defendant filed an answer and counterclaim for the

same, as well as a motion for status quo order. Defendant alleged, in part:

 3. The Plaintiff has stated that she intends to uproot the
 minor children from their home town and relocate to
 Lincoln County, North Carolina away from all family and
 friends and everything they have ever known.

 4. The Plaintiff has shown inconsistency by changing jobs
 frequently.

 5. The Defendant has been employed with the same
 company for over eighteen (18) years.

 ...

 9. The Defendant’s parents have been actively involved in
 the care of the minor children.

Defendant requested the trial court to grant him joint custody if Plaintiff remained

in Stanly County, but moved for an award of primary custody if she moved to Lincoln

County.

 -2-
 HINSON V. HINSON

 Opinion of the Court

 On 7 March 2018, Plaintiff filed a reply to Defendant’s answer and

counterclaim. Plaintiff’s reply admitted she has “considered relocating and that she

let defendant know her thoughts.” Plaintiff denied the rest of the allegations in

paragraph 3, as well as those in paragraphs 4 and 9, of Defendant’s counterclaim.

 The parties agreed to joint legal and physical custody of the children and

established a regular visitation schedule. The parties resolved all issues and the trial

court entered a consent judgment on 29 May 2018.

 Just over two months later on 10 August 2018, Plaintiff filed a motion to modify

the terms of child custody she had agreed to in the consent judgment. Plaintiff alleged

a substantial change in circumstances affecting the welfare of the children had

occurred after the entry of the consent judgment on 29 May 2018:

 including but not limited to defendant’s change in work
 schedule, the children’s wishes, mental health issues,
 scheduling problems, changes in living arrangements,
 inappropriate communications directed to plaintiff and to
 the children, refusal to children [sic] to contact plaintiff,
 problems regarding eczema and such additional and
 further changes which may be alleged and proven at trial.

Plaintiff asked the court to modify the consent order and grant her the primary care

and custody of the children.

 On 20 November 2018, Defendant filed a motion to modify custody and also

another motion for a status quo order. Defendant also alleged a substantial change

of circumstances affecting the welfare of the children including but not limited to the

following:

 -3-
 HINSON V. HINSON

 Opinion of the Court

a. The Plaintiff has missed a significant number of
visitations with the minor children since the entry of the
Consent Order filed May 29, 2018;

b. The Plaintiff has refused reasonable weekend visitation
with the Defendant when he was willing to assist with
childcare to avoid taking the youngest child to a funeral
service of a grandparent he does not even know;

c. The Plaintiff has refused the Defendant Thanksgiving
visitation with the minor children;

d. The Plaintiff continues to make derogatory references
about the Defendant to the minor children;

e. The Plaintiff is coaching the minor children of things to
say to their Defendant father in an attempt to alienate the
children from their father;

f. The Plaintiff is attempting to drive a wedge between the
minor children and the Defendant father;

g. The Plaintiff has denied telephone access with his minor
children and oftentimes refuses to answer the Defendant’s
calls and fails to allow them to call back;

h. When the Defendant does talk over the telephone with
his children, the Plaintiff hovers over them creating a
stressful situation in which the children cannot freely
communicate with their father;

i. The Plaintiff is refusing visitation with the children’s
paternal grandparents;

j. The Plaintiff intends to uproot the minor children and
relocate an hour and a half away from their home, friends,
school and family;

k. The Plaintiff is in a relationship with a married man who
has been separated from his estranged wife for years;

 -4-
 HINSON V. HINSON

 Opinion of the Court

 l. The Plaintiff is without a job and has been unable to
 maintain steady employment since July, yet alleges she
 has a home to move into in Lincoln County.

 On 31 December 2018 and while these motions were pending, Plaintiff left

Stanly County and moved to Lincoln County. On 3 January and without notice to

Defendant, Plaintiff enrolled the minor children in new schools in Lincoln County.

Plaintiff asserted the children would benefit academically from the transfer, while

Defendant disagreed with their move and the change.

 After a trial on the cross-claims for modification of custody on 7 and 8 January

2019, the trial court entered the custody order on 14 February 2019. The trial court

made thirty findings of fact, including:

 11. The Court finds that the minor children have resided
 continuously in Stanly County, North Carolina, their place
 of birth, until December 31, 2018;

 12. That the minor children have family, including
 paternal grandparents, and friends here in Stanly County,
 North Carolina;

 13. That the Defendant has his parents and friends here as
 a support group to assist him with the minor children;

 14. That the minor children have been enrolled in Central
 Elementary School and Albemarle Middle School where it
 is evident that they are performing exceptionally well until
 January, 2019;

 ...

 -5-
 HINSON V. HINSON

 Opinion of the Court

16. The Plaintiff testified that [T.H.] has experienced
separation anxiety, however neither the defendant nor the
paternal grandparents have observed this behavior;

17. That the minor child, [T.H.], is involved in T-ball in
Stanly County, North Carolina and the Defendant Father
and paternal grandfather were actively involved as
assistant coaches;

18. That the minor child, [S.H.], is a member of the cross
country team at Albemarle Middle School;

19. That testimony shows that both minor children have a
network of friends here in Stanly County, North Carolina;

20. That the paternal grandparents have had a long and
continuous involvement in the lives of the minor children;

21. That both minor children are treated by local
pediatricians;

22. That both biological parents were actively involved in
doctor’s visits;

23. That the Defendant Father has been employed with the
Albemarle Fire Department for over nineteen (19) years;

24. That the paternal grandparents have been teachers
and residents of Stanly County for a period of
approximately forty-nine (49) years;

25. That unilaterally, the Plaintiff Mother withdrew the
minor children from their schools and enrolled them
elsewhere in Lincoln County, North Carolina, in January,
2019;

26. That the Plaintiff testified that she has no family
residing in Stanly County, North Carolina;

 -6-
 HINSON V. HINSON

 Opinion of the Court

 27. That the Plaintiff has no connection to family in Lincoln
 County, North Carolina other than her sister, who did not
 appear before the Court.

 28. That the [P]laintiff testified that she only works sixteen
 (16) hours per week providing inhome [sic] medical
 services;

 29. That the [D]efendant works every third day a twenty-
 four hour shift;

 30. That the [D]efendant has been diagnosed with some
 mental health problems including post traumatic stress
 disorder for which [he] has received counseling[.]

 The trial court found and concluded a substantial change of circumstances

affecting the welfare of the minor children had occurred and vested with primary

physical custody with Defendant. Plaintiff timely filed and served a notice of appeal

of the custody order.

 II. Jurisdiction

 An appeal of right lies with this Court from a child custody order entered in a

district court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2017).

 III. Issues

 Plaintiff argues the trial court abused its discretion by concluding, without

adequate findings of fact: (1) there has been a substantial change of circumstances

affecting the welfare of the minor children; and, (2) it is in the best interests of the

minor children that Defendant be vested with primary physical custody.

 IV. Standard of Review

 -7-
 HINSON V. HINSON

 Opinion of the Court

 When reviewing a trial court’s decision to grant or
 deny a motion for the modification of an existing child
 custody order, the appellate courts must examine the trial
 court’s findings of fact to determine whether they are
 supported by substantial evidence. Substantial evidence is
 such relevant evidence as a reasonable mind might accept
 as adequate to support a conclusion.

Shipman v. Shipman, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citations and

internal quotation marks omitted).

 “In addition to evaluating whether a trial court’s findings of fact are supported

by substantial evidence, this Court must determine if the trial court’s factual findings

support its conclusions of law.” Id. at 475, 586 S.E.2d at 254 (citation omitted).

“Whether those findings of fact support the trial court’s conclusions of law is

reviewable de novo.” Hall v. Hall, 188 N.C. App. 527, 530, 655 S.E.2d 901, 904 (2008)

(citation omitted).

 “Absent an abuse of discretion, the trial court’s decision in matters of child

custody should not be upset on appeal. Abuse of discretion results where the court’s

ruling is manifestly unsupported by reason or is so arbitrary that it could not have

been the result of a reasoned decision.” Routten v. Routten, __ N.C. App. __, __, 822

S.E.2d 436, 441 (2018) (internal citation and quotation marks omitted), disc. review

denied, 831 S.E.2d 77 (2019).

 V. Analysis

 A custody order “may be modified or vacated at any time, upon motion in the

cause and a showing of changed circumstances by either party.” N.C. Gen. Stat. § 50-

 -8-
 HINSON V. HINSON

 Opinion of the Court

13.7(a) (2017). In Shipman, our Supreme Court succinctly set forth the trial court’s

duties and obligations under the statute:

 The trial court’s examination of whether to modify an
 existing child custody order is twofold. The trial court must
 determine whether there was a change in circumstances
 and then must examine whether such a change affected the
 minor child. If the trial court concludes either that a
 substantial change has not occurred or that a substantial
 change did occur but that it did not affect the minor child’s
 welfare, the court’s examination ends, and no modification
 can be ordered. If, however, the trial court determines that
 there has been a substantial change in circumstances and
 that the change affected the welfare of the child, the court
 must then examine whether a change in custody is in the
 child’s best interests. If the trial court concludes that
 modification is in the child’s best interests, only then may
 the court order a modification of the original custody order.

Shipman, 357 N.C. at 474, 586 S.E.2d at 253.

 A. Substantial Change in Circumstances

 On appeal, Plaintiff argues the trial court erred in its conclusion of law that a

substantial change in circumstances affecting the welfare of the children had

occurred. Plaintiff’s motion to modify custody asserted the opposite position before

the trial court. She has waived this argument by asserting on appeal the opposite

position to that she asserted in the trial court.

 “It is well established that a party to a suit may not change [her] position with

respect to a material matter during the course of litigation. Especially is this so where

the change of front is sought to be made between the trial and the appellate courts.”

Green v. Kelischek, 234 N.C. App. 1, 6-7, 759 S.E.2d 106, 110 (2014) (alteration in

 -9-
 HINSON V. HINSON

 Opinion of the Court

original) (quoting Leggett v. Se. People’s Coll., 234 N.C. 595, 597, 68 S.E.2d 263, 266

(1951)).

 In Green, the plaintiff “represented that her remarriage and proposed

relocation did constitute a substantial change in circumstances before the trial court.”

Id. After the trial court’s subsequent “best interests” determination was contrary to

what she anticipated, Green asserted “an inconsistent legal position on appeal in

order to avoid the modified custody plan set forth in the trial court’s order. This she

cannot do.” Id. at 6, 759 S.E.2d at 110.

 Here, Plaintiff moved to modify the consent order and alleged a substantial

change in circumstances had occurred, which affected the welfare of the children, as

is required by N.C. Gen. Stat. § 50-13.7(a). She cited “changes in living

arrangements” as one substantial change among others to support her allegation.

Plaintiff cannot now assert an inconsistent legal position on appeal to avoid the trial

court’s custody order. Id. at 6, 759 S.E.2d at 110.

 Plaintiff’s argument on appeal that the trial court erred by concluding a

substantial change of circumstances occurred is wholly inconsistent with the position

she asserted in the trial court. See id. The trial court did not err in concluding that a

substantial change of circumstances affecting the welfare of the children had

occurred. We proceed to the second step of the trial court’s two-fold analysis.

 B. Best Interests of the Children

 - 10 -
 HINSON V. HINSON

 Opinion of the Court

 Plaintiff argues the trial court abused its discretion by concluding the best

interests of the minor children are served by an award of joint legal and primary

physical custody to Defendant and secondary physical custody to Plaintiff. Plaintiff

challenges the adequacy of the findings of fact in the custody order.

 “[B]efore a child custody order may be modified, the evidence must

demonstrate a connection between the substantial change in circumstances and the

welfare of the child, and flowing from that prerequisite is the requirement that the

trial court make findings of fact regarding that connection.” Shipman, 357 N.C. at

478, 586 S.E.2d at 255 (citation omitted). Where a substantial change of

circumstances “involves a discrete set of circumstances such as a move on the part of

a parent, . . . the effects of the change on the welfare of the child are not self-evident

and therefore necessitate a showing of evidence directly linking the change to the

welfare of the child.” Id. at 478, 586 S.E.2d at 256 (citations omitted) (emphasis

original).

 A trial court’s findings of fact in a child custody order must “resolve the

primary disputes between the parties and . . . explain why awarding primary custody”

is in the children’s best interests. Carpenter v. Carpenter, 225 N.C. App. 269, 278, 737

S.E.2d 783, 790 (2013).

 Effective appellate review of an order entered by a trial
 court sitting without a jury is largely dependent upon the
 specificity by which the order’s rationale is articulated.
 Evidence must support findings; findings must support

 - 11 -
 HINSON V. HINSON

 Opinion of the Court

 conclusions; conclusions must support the judgment. Each
 step of the progression must be taken by the trial judge, in
 logical sequence; each link in the chain of reasoning must
 appear in the order itself. Where there is a gap, it cannot
 be determined on appeal whether the trial court correctly
 exercised its function to find the facts and apply the law
 thereto.

Id. at 279, 737 S.E.2d at 790 (quoting Coble v. Coble, 300 N.C. 709, 714, 268 S.E.2d

185, 190 (1980)).

 In Carpenter, the trial court made eighty findings of fact, but “many of the

findings of fact [were] actually recitations of evidence which [did] not resolve the

disputed issues.” Id. at 273, 737 S.E.2d at 787. A primary disputed issue in Carpenter

was one parent’s excessive alcohol consumption. Id. at 274, 737 S.E.2d at 787. The

court made numerous findings of fact which mentioned alcohol consumption, reciting

the evidence presented in briefs and from testimony at trial, but “[n]one of these

findings resolve the real issue, which . . . was whether plaintiff abuses alcohol to an

extent that it may have an adverse effect” on his child. Id. at 276, 737 S.E.2d at 788.

“The findings merely recognize the existen[ce] of a dispute and some evidence which

may bear upon that dispute without resolving it. There are no findings that either

party actually does abuse alcohol or that either party’s drinking has adversely

affected” the child. Id.

 Based upon the trial court’s findings of fact here, the primary issues supporting

its conclusions of law were: the schools, doctors, and extracurricular activities the

children attended; the disparate work schedules of the parties; and the relative

 - 12 -
 HINSON V. HINSON

 Opinion of the Court

support groups of family and friends each party had in their respective county. The

trial court made thirty findings of fact, which touched on all of these issues, but

resolved none of them. These findings are not self-executing.

 The trial court found Plaintiff “unilaterally . . . withdrew the minor children

from their schools and enrolled them elsewhere in Lincoln County, North Carolina,

in January, 2019.” The court also found “it is evident that they are performing

exceptionally well until January, 2019” in their former schools. Yet the court did not

make any finding of fact regarding the effects of either the withdrawal or new

enrollment had on the children’s education or well-being. Without adjudication and

resolution of the findings of fact, “it cannot be determined on appeal whether the trial

court correctly exercised its function.” Id. at 279, 737 S.E.2d at 790 (quoting Coble,

300 N.C. at 714, 268 S.E.2d at 190).

 The trial court found that Plaintiff “only works sixteen (16) hours per week”

while Defendant “works every third day a twenty-four hour shift.” Whether these

findings are positive or negative for either party, we cannot say from just this

recitation. See id. at 278, 737 S.E.2d at 789-90 (“Finding 72 states that ‘[the child]

has returned from visitation with his father with muddy shoes and dirty clothes. We

are unable to discern if this is a positive finding, as it may indicate [father] has been

engaging in healthy outdoor activities with his son, or negative, as it may indicate

[father] has failed to properly address the child's hygiene issues. Perhaps it is both.”).

 - 13 -
 HINSON V. HINSON

 Opinion of the Court

 Here, the court may be indicating Plaintiff’s lesser hourly work schedule is

concerning compared to Defendant’s as far as supporting the children financially, but

it equally could indicate Defendant’s regular day-length shifts are concerning

compared to Plaintiff’s greater availability to be present with the children. “Perhaps

it is both.” Id.

 The custody order in this case merely recognizes the existence of disputes and

identifies some evidence from both parties that may bear upon those disputes without

resolving them. As in Carpenter, the findings of fact do not explain why it is in the

best interests of the children for Defendant to be granted primary physical custody.

See id. This lack of resolution mandates remand for additional findings of fact.

 Because we remand on this issue, we need not reach Plaintiff’s remaining

arguments. However, the decree does not resolve all of the disputed legal issues.

Notably, Plaintiff asserts the decree does not resolve which school system the children

should attend, or how to resolve that issue, “despite that issue being a, if not the,

primary concern discussed at trial.”

 VI. Conclusion

 By asserting inconsistent legal positions on the issue of whether a substantial

change of circumstances affecting the welfare of the minor children had occurred

before the trial court and this Court, Plaintiff waived that argument on appeal. That

portion of the trial court’s order is affirmed.

 - 14 -
 HINSON V. HINSON

 Opinion of the Court

 The trial court’s conclusion for Defendant to be granted primary physical

custody and Plaintiff to be granted secondary physical custody is remanded for

adjudication and resolution of the evidence and for entry of findings of fact showing

why the award in the custody order was in the children’s best interests.

 The trial court shall adjudicate and resolve conflicts in the evidence and make

additional findings of fact to support the conclusions and legal issues in its decree.

Whether to take additional evidence upon remand rests within the trial court’s

discretion. It is so ordered.

 AFFIRMED IN PART AND REMANDED IN PART.

 Judges BRYANT and BROOK concur.

 - 15 -